Hawes v. Miller.

ment upon the conduct of the plaintiff, as disclosed by the record.

The action of the defendant is approved and confirmed.

HAWES ET AL. v. MILLER ET AL.

1. **Election:** CONSTRUCTION OF BALLOT: RULES GOVERNING. The language of a ballot is to be construed in the light of all the facts surrounding the election, and if it expresses the intention of the voter beyond reasonable doubt it is sufficient, though technically inaccurate.

2. ————: REMOVAL OF COUNTY SEAT: BRIBERY. Contributions for the erection of county buildings, offered to secure the removal of a county seat, do not constitute bribes which will invalidate an election held to vote on such removal.

*Appeal from Delaware Circuit Court.*

THURSDAY, JUNE 16.

ACTION in chancery to set aside and declare void an election held in Delaware county, upon the question of removing the county seat from Delhi to Manchester, at which a majority of the votes were declared by the county canvassers to be in favor of the removal; and to enjoin the supervisors of the county from making any order in pursuance of said action, and to restrain the county officers from removing their offices to Manchester. A preliminary injunction was allowed upon plaintiff's petition. Upon a trial on the merits the preliminary injunction was dissolved and plaintiffs' bill was dismissed; they now appeal to this court. The facts of the case, involved in the question of law decided, are found in the opinion.

*J. M. Brayton* and *E. C. Perkins*, for appellants.

*Shiras, Van Duzee & Henderson*, for appellees.

BECK, J.—I. There is no dispute as to the facts of the case, and but two questions of law are presented for our determination. It becomes unnecessary to state the facts or recite the pleadings further than they are involved in these questions.

A vote was ordered at a general election upon the question of the removal of the county seat of Delaware county from Delhi, then the county seat, to Manchester. The proclamation for the election, authorized by the statute, stated the question to be voted on in this language: "Shall the county seat of Delaware county, Iowa, be relocated from Delhi to Manchester?" The election was regularly held, and it was found by the supervisors, upon canvassing the votes, that a majority of more than five hundred was in favor of removing the county seat to Manchester, and the canvass and result was so entered upon the proper record. The ballots cast were of the following different forms:

1st. "For the county seat, Delhi. For the county seat, Manchester."

2d. "Shall the county seat of Delaware county, Iowa, be relocated from Delhi to Manchester? Yes." "Shall the county seat of Delaware county, Iowa, be relocated from Delhi to Manchester? No."

Of the ballots of the first form 1446 were cast for "Delhi" and 430 were for "Manchester." Of the ballots of the second form there were 127 "no" and 1698 "yes."

II. Counsel insist that the ballots in the second form are not in conformity with the statute, and should have been 1. ELECTION: rejected. Code, § 286, referring to county seat construction of ballot: elections, provides that "the ballot shall state rules governing. that it was cast for the county seat, and name the place voted for."

These county seat elections are governed by the same rules that are applicable to the election of officers. In canvassing votes of electors their intentions must be ascertained from their ballots, which must be counted to accord with such in-

tentions.  If the ballots express such intentions beyond a
reasonable doubt it is sufficient, without regard to technical
inaccuracies, or the form adopted by the voter to express his
intentions.  Of course the language of a ballot is to be con-
strued in the light of all facts connected with the election;
thus, the office to be filled, the names of the candidates voted
for, or the subject contemplated in the proposition sub-
mitted to the electors, and the like, may be considered to aid
in discovering the intentions of the voter.  *State v. Cavers*,
22 Iowa, 343; *Cattell v. Lowry et al.*, 45 Iowa, 478; *Car-
penter v. Ely*, 4 Wis., 438; *The People v. Matteson*, 17
Ill., 167; *The People v. McManus*, 34. Barb., 620; *The
State, ex rel., v. Elwood*, 12 Wis., 552; *Railroad Co. v.
Bearss*, 39 Ind., 600; *State, ex rel. Phelps, v. Goldthwait*,
16 Wis., 146.

Under these rules the ballots of both forms are to be re-
garded as sufficient in themselves to indicate unmistakably
the intentions of the voters.  If they differ in explicitness we
think the last form is plainer than the first.  It clearly shows
that the ballot "was cast for the county seat, and the name
of the place voted for."  It complies with Code, § 286, above
cited.

III.  It is alleged in the petition and admitted by the an-
swer that a number of citizens of Manchester, who had signed

2. ———: re-
moval of
county seat:
bribery.

the petition for the relocation of the county seat,
before the election executed and filed in the office
of the county auditor a bond obligating them-
selves to remove the jail from Delhi to Manchester, purchase
and convey to the county an eligible site for the jail and
county buildings, to furnish and lease to the county for
ninety-nine years the town hall, and to furnish to the county
four sufficient rooms with fire proof vaults, all free of ex-
pense to the county, within thirty days after the canvassing
of the vote, if it should be for the relocation of the county
seat.  It is also shown that by ordinance of the town of Man-
chester the town hall was offered for the use of the county in

case the county seat should be established in that town. The bond and ordinance were published in the county newspapers, and circulars reciting them were sent to the voters of the county. The petition alleges that the number of electors who were influenced to vote for the relocation by these inducements, offered by the town and citizens of Manchester, exceeds the majority which the proposition received. There are no admissions or evidence upon these allegations of the petition. That the proposition had an effect upon the election cannot be doubted, and, for the purposes of the case, it may be admitted that it was as great as is alleged in the petition.

It is claimed by plaintiffs that the proposition of the citizens and town of Manchester, to furnish free of expense county buildings, was a bribe offered to the electors of the county to induce them to vote for the relocation of the county seat, which defeats the election. The question of law here presented now demands our attention.

To provide suitable buildings for county purposes at the county seat requires considerable outlay of money. This fact often possesses controlling influence in the location of county seats. It has often occurred that county seats have been located or relocated upon the ground that county buildings were supplied by the citizens of the town where the county seat is fixed by the vote of the people. The question of location of county seats involves matters of convenience and expense to the whole county. It may be inconveniently located, yet the people would endure the inconvenience rather than incur the expense of erecting new county buildings at another place. If the obstacle of expense be removed the electors would vote for a change. We see nothing like bribery in this. This precise question was before the court in *Dishon v. Smith*, 10 Iowa, 212, and it was decided that contributions in land and money to be used for county purposes in consideration of the location of the county seat does not amount to bribery.

*Carrothers v. Russell*, 53 Iowa, 346, is distinguishable

from the case before us. In that case we held that a candidate for a public office, who for the purpose of influencing the voters made the pledge to pay into the treasury of the county all fees received by him in excess of a certain annual salary, is guilty of offering a bribe to the voters, and is thereby disqualified to hold the office to which he was elected. The distinctions between that case and the one before us are well stated by Lyon, J., in the *State v. Purdy*, 36 Wis., 224, in the following language: "The distinction between the election of public officers, to whom, for the time being, the exercise of the functions of sovereignty is entrusted, and the mere choice of a site for a public building, is quite apparent. The former involves, or may involve, the integrity of the government and the preservation of the principles upon which it is founded, while the latter is only a matter of public convenience or pecuniary interest, involving no fundamental principle whatever."

We adopt this language, and think it leaves nothing to be said in order to distinguish *Carrothers v. Russell* from the case before us.

No questions are discussed by counsel other than those we have considered.

It is our opinion that the judgment of the Circuit Court ought to be affirmed.

AFFIRMED.