Opinion delivered June 2, 1886.

---

[No. 3875.]

## EX PARTE W. A. BEATY.

"LOCAL OPTION" LAW.—The commissioners' court of a county has power only to issue such an order for an election under the provisions of the "local option" law as is authorized by law. An election held under an order which exceeded the authority of the commissioners' court is a nullity, and, therefore, all proceedings had thereunder are nullities. The commissioners' court has power to order an election to prohibit the sale, but not to prohibit the *exchange* or *barter* of intoxicating liquors within a given locality. (Hurt, Judge, dissents.)

HABEAS CORPUS on appeal from the District Court of Throckmorton. Tried below before the Hon. J. V. Cockrell.

The appellant was held under a capias charging him with a violation of the "local option" law.

*A. H. Carrington* and *West & McGown*, for the relator.

*J. H. Burts*, Assistant Attorney General, for the State.

WILLSON, JUDGE. A majority of the court, Judge Hurt dissenting, are of the opinion that the order of the commissioners' court of Throckmorton county, ordering an election in said county to determine whether or not the sale, *exchange*, or *barter* of intoxicating liquors should be prohibited in said county, is a nullity, because made without authority of law. Said court had no authority to order an election except in strict accordance with the law upon the subject, that is, to determine whether or not the *sale* of liquor should be prohibited in said county. It exceeded its authority in making the order it did make, and said order, and all proceedings had thereunder, are therefore null and void, and cannot have the effect to prohibit the sale of intoxicating liquors, etc., in said county.

The terms "exchange" and "barter," used in the order, are not synonymous with "sale," as we understand the words, but are materially different in meaning. (2 Rapalge & Lawrence's Law Dic., 1144; Chitty on Contracts, 346; Smith's Mer. Law, 479; Benj. on Sales, 2; Steele v. The State, 19 Texas Ct. App., 428.)

The motion for rehearing is granted, the judgment of the court below is reversed, and the applicant is discharged from custody.

*Ordered accordingly.*