Opinion delivered April 23, 1887.

23  309
32  463

## No. 5297.

### EX PARTE CHARLES H. SUBLETT.

1. LOCAL OPTION LAW—ELECTION.—The local option law of this State requires that the commissioners court of the county to be affected by the election under the said law shall order the said election at the first session of the said court after the filing of the petition for said election, and this statute is mandatory. An election held under an order issued at any other than the first session of the said court after the filing of the petition is absolutely void.

2. SAME.—Under the local option law, as it existed in November, 1876, an election under its provisions could be ordered at a special session of the commissioners court, if such was the first session after the filing of the petition.

HABEAS CORPUS on appeal from the County Court of Rockwall. Tried below before the Hon. A. R. Hartman, County Judge,

The appellant was held under a capias based upon an information charging him with a violation of the local option law. He sought his release by writ of habeas corpus, but, being remanded to custody, prosecuted this appeal.

*E. W. Terhune* and *W. C. Jones*, for the relator.

*W. L. Davidson*, Assistant Attorney General, and *Joseph Cox*, for the State.

HURT, JUDGE. A petition for an election on local option was filed with the county clerk of Rockwall county on November 2, 1876. On the same day, but at an hour subsequent to the filing of the petition, the commissioners court convened in called session and ordered the election.

The election, appellant's counsel insists, was void because ordered at a called or special session of the court. To this it is answered that the then existing law provided that the court, at its first session after the filing of the petition, should order the election; and we think the court, whether at a called or regular session, had authority to make the order.

This order designated December 26, thereafter, as the date for holding the election. No election was held under this order, but the commissioners court at a called session held on December, 7, acting upon *the* petition theretofore filed, ordered an election to be held on January 6, 1877. The election so ordered was held, resulting in favor of local option.

Appellant, through his counsel, presents these propositions:

1. That the statute makes it the duty of the court to order the election at its first session after the filing of the petition. The correctness of this is beyond question. (Sec. 2, chap. 33, acts 1876, p. 26.)

2. That, if not ordered at the first session after petition filed, the election is void. This is equally true. (Stallworth v. The State, 18 Texas Ct. App., 380.)

3. "If it means regular session the election is void because ordered at a called session. If it means called session, there was a session on November 23, 1876, after the petition was filed, and the election was ordered at the second session."

Having decided that the court, as the law then stood, had authority to order the election at a special or called session, and that the order must be made at its first session after petition filed, the only and decisive question remaining is whether the petition was filed in time to constitute the session of November 23, 1876, the first session after the filing of the petition. This precise question was presented in Lipari's case, 19 Texas Court of Appeals, 433. Lipari's counsel insisted that the election was void because the petition was filed on the first day of the term at which the election was ordered. This court held that notwithstanding this, since the petition was filed before the session was opened, the filing was in time to constitute that session the first session after petition filed; and, hence, that the statute was complied with in so far as this matter was concerned.

The law requiring the election to be ordered *at the first session after* the petition is filed, the question arises, is this provision of the statute directory, merely? Or is it mandatory? The language of the act is, "it *shall* be the duty of the court, at its first session after the filing of such petition with the clerk thereof, to order an election to be held at the regular voting place, or places, within the proposed limits, upon a day *not exceeding thirty days*, nor less than fifteen days from the date of said order, and said order shall express the object of said election." (Act of June 24, 1876.)

It is seen that the legislature declares it *shall* be the duty of the court to order the election at its first session after petition filed, and that the day designated for holding the election shall not exceed thirty days, and shall not be less than fifteen days, from the date of the order. Now, if the provision requiring the election to be ordered at the first session after petition filed is to be construed to be directory, the purpose of the provision requiring that the election shall be upon a day not exceeding thirty nor less than fifteen days from the date of the order, might be rendered to a great extent nugatory. For, if the court may continue or postpone the making of the order from one term to another, it may do so for months, or years. So that the power to thus postpone might be made the means, in the hands of an unscrupulous court, of defeating the popular will by deferring the issuance of the election order to a time when the existing condition of public sentiment with regard to the matter to be voted upon appeared to indicate a result favorable to the views entertained by the court.

The law clothes the acts of public officers with every presumption of verity and fairness. This presumption, however, is in nowise disturbed by holding, as we do, that the act under which this election was authorized did not contemplate that the power to defeat the popular will, or to postpone to an indefinite future its expression, should be deposited with the court to which was confided the ordering of the means through which it was to be rendered operative. The provision requiring the election to be ordered at the first session of the court after the filing of the petition therefor, we consequently hold to be mandatory. From which it follows, that an election held under an order issued upon the same petition at a subsequent term of the court is void.

The record does not support the proposition that the relator procured or connived at his arrest. Other persons having an interest in testing the legality of local option in the county may have instituted the prosecution; but this does not affect the relator's right, unless a party thereto in some way, to his remedy by habeas corpus.

The judgment is accordingly reversed, and it is ordered that the relator be discharged from custody.

*Ordered accordingly.*