JOHN J. MASTIN *et al.*, Defendants in Error, v. R. G. TILLESTON, Plaintiff in Error.

**Kansas City Court of Appeals, February 4, 1889.**

**Limitation:** ABSENCE FROM STATE : RULE AS TO. .It is now settled law in this state that in order to bring a case within the exception of section 3226, Revised Statutes, the proof should show two facts, first, that at the time the cause of action accrued the debtor was a resident of this state, and second, that thereafter he departed from and resided out of the state.

*Error to the Jackson Circuit Court.*—HON. TURNER A. GILL, Judge.

REVERSED AND REMANDED.

*John K. Cravens*, for plaintiff in error.

The right of action upon the note sued upon accrued on the twenty-third day of January, 1869, and was consequently barred by section 3229, Revised Statutes ; unless it was saved by the exception created by section 3236, Revised Statutes. The exception created by the latter section is limited to those cases where the defendant is a resident of the state at the time the cause of action accrues. *Orr v. Wilmarth*, 95 Mo. 212. The defendant Tilleston was not a resident of the state when the right of action accrued, and did not become such until August, 1884, though the petition in this action was filed in June, 1884, more than fifteen years after the right of

action accrued. The judgment should be reversed with directions to the court below to enter judgment for the defendant.

No brief for defendants in error.

SMITH, P. J.—This was an action on a promissory note for three hundred and forty-two dollars and ten cents, dated December 26, 1868, and due ninety days after date, made payable at the banking-house of John J. Mastin & Co. in Kansas City, Mo. The answer was that the action was barred by the ten-years statute of limitations. The reply was that the defendant had departed from this state one year after the note sued on became due and had remained outside of the state till within one year before the filing of this suit. At the trial there was evidence showing pretty conclusively that the defendant, at the time of the making of said note, was a resident of another state, and that he had so continued until the year 1884, when he removed to Kansas City, Mo., but that he had, during the time of his non-residence of this state, occasionally come into it on business.

The court declared, by an instruction, the law to be that, though the defendant was a non-resident at the time the cause of action accrued, if he came within the jurisdiction of the state, whether temporarily or not, and afterwards departed from and resided out of the state, the time of his absence after such departure cannot be deemed or taken as any part of the time limited for the commencement of the action. This instruction is not in conformity to the law of this state as declared by the supreme court in *Orr v. Wilmarth*, 95 Mo. 212, where it is said that the provisions of section 3226, Revised Statutes, have no application to cases where the defendant was a non-resident of the state when the cause of action accrued. The law is now settled in this state that, in order to bring a case within the exception of the said

section of the statute, the proof should show two facts, first, that at the time the cause of action accrued, the debtor was a resident of this state, and second, that thereafter he departed from and resided out of the state. Judgment reversed and cause remanded, in which Judge ELLISON concurs, Judge GILL not sitting.