THE STATE OF MISSOURI, Respondent, v. SAMUEL WEBB, Appellant.

Kansas City Court of Appeals, April 25, 1892.

1. **Local Option**: ELECTION WITHIN FORTY DAYS. An election for the enforcement of the local-option law must be held within forty days of the presentation of the petition to the county court, and if held after that time it is void.

2. ————: WITHDRAWAL AND RE-PRESENTATION OF PETITION. A petition for the enforcement of the local-option law was presented on July 10, and an order made for an election in the county excluding two towns, supposed to have twenty-five hundred inhabitants each. On August 1, a part of the petitioners moved the court to set aside the order for the election which was done; and thereupon they withdrew the petition and at once again presented it, and an election was ordered for August 31, in the county and one of the towns excluded in the prior order. *Held,* an idle performance; that there was only one petition presented, and that was on July 10, which then served its purpose and from that time on was powerless to institute another such proceeding.

3. ————: ELECTION OVER COUNTY: NO OMITTED PRECINCT. Under the local-option statute the election must be held in every portion of the county over which the law is intended to operate, and, if any precinct. entitled to vote is omitted, the entire election is void. *Semble,* it would appear that the order of election should show that an omitted precinct is not entitled to vote.

*Appeal from the Cass Circuit Court.*—HON. CHAS. W. SLOAN, Judge.

REVERSED.

*R. T. Railey* and *Wm. L. Jarrott,* for appellant.

(1) The election was void because the city of Pleasant Hill was not permitted to vote on the question. "That one entitled to vote shall not be deprived of the privilege by the action of the authorities, is a

fundamental principle." Cooley's Constitutional Limitations [4 Ed.] sec. 616, p. 766; *People v. Mynard*, 15 Mich. 47; *Larring v. Carpenter*, 20 N. Y. 477. Where the order for an election and the notice given under it leaves out any precinct in the county which is entitled to vote on the proposition involved, the entire election is void, even if all the votes of said precinct could not have changed the result. *School Dist. v. District Twp.*, 17 Iowa, 85; *Ex parte Kennedy*, 3 S. W. Rep. (Tex.) 114; McCrary on Elections, sec. 120; *Barry v. Lauck*, 5 Cold. 588; *Secord v. Foutch*, 44 Mich. 89; *Attorney General v. Supervisors*, 11 Mich. 63; *Foster v. Scarff*, 15 O. N. S. 532; *People v. Solomon*, 46 Ill. 415. (2) "Courts will not take judicial notice of the local adoption of the local-option law, but it must be established by evidence as any other fact is proved." *City of Hopkins v. Railroad*, 79 Mo. 98; *State v. Buster*, 90 Mo. 514; *State v. Mackin*, 41 Mo. App. 99. (3) The petition was presented to the county court of Cass county to submit the question of local option on the tenth day of July, A. D. 1888. A special election was ordered to be held on the seventeenth day of August following. The court then ordered a special election to be held on the thirty-first day of August. They ordered this special second election on the identical petition that was received by the county court on the tenth of July, and ordered the special election to be held fifty-two days after the reception of the petition. When a petition to determine whether spirituous and intoxicating liquors shall be presented to the county court, "the county court of such county shall order an election, * * * to take place within forty days after the reception of such petition." R. S. 1889, sec. 4598; *Ex parte Sublett*, 23 Tex. Ct. App. 309; 4 S. W. Rep. 894; 13 S. W. Rep. 752; *State ex rel. v. Ruark*, 34 Mo. App. 325; McCrary on Elections [2 Ed.] 125.

*J. F. Lynn*, for respondent.

(1)   By the local-option law it is made the duty of the county court to determine what towns or cities in the county have twenty-five hundred inhabitants or more, and when the court has determined that question, and ordered the election, its action in the matter is conclusive, at least in a proceeding like this, or in a collateral proceeding it must be taken and presumed that every necessary step preliminary to the action or requisite to any particular action of the court has been complied with. R. S. 1889, sec. 4598; *French v. Fyan*, 93 U. S. 169; *Johnson v. Townsley*, 13 Wall. 72; *Cruz v. Martinez*, 8 Cent. Law Jour. 1; *State ex rel. v. Simmons*, 35 Mo. App. 378; *State ex rel. v. Weatherby*, 45 Mo. 17; *State v. Emery*, 3 S. E. Rep. 810; *State v. Searcy*, 39 Mo. App. 401; *Riggins v. O'Brien*, 34 Mo. App. 613. (2)   Where a court, although of inferior or limited jurisdiction, or a mere ministerial board, is required to find the existence of a fact *in pais*, in order to warrant it to do what it does, it will not be presumed for the purpose of overthrowing its jurisdiction, in the silence of its record, that the fact did not exist, but the general presumption of right acting which attends all official bodies will obtain in such a case, and it will be presumed that the act did exist, until the contrary is made to appear in a direct proceeding. The county court, by the local-option law, is required to find what cities or towns in the county have twenty-five hundred or more inhabitants at the time the petition is presented to the court, and the court must have found that Pleasant Hill had twenty-five hundred or more inhabitants, and that Harrisonville had less than twenty-five hundred inhabitants on the first day of August, 1888. R. S. 1889, sec. 4598; *State v. Searcy*,

39 Mo. App. 293; *State v. Hutton*, 39 Mo. App. 410; *Riggins v. O'Brien*, 34 Mo. App. 613; *State ex rel. v. Weatherby*, 45 Mo. 17; *Snoddy v. Pettis Co.*, 45 Mo. 361; *State v. Evans*, 83 Mo. 319; *State ex rel v. Young*, 84 Mo. 90. (3) The election on the adoption of the local-option law was held in Cass county, Missouri, outside of the corporate limits of the city of Pleasant Hill in said county, within forty days after receiving the petition; the petition was filed with the county court on the first day of August, 1888, and the election was held on the thirty-first day of August, 1888.

GILL, J.—Defendant Webb was indicted, tried and found guilty of selling intoxicating liquor in Cass county outside the corporate limits of Pleasant Hill, in violation of the provisions of the local-option law, alleged to have been adopted in said county outside the limits of any city having a population of twenty-five hundred, and has appealed to this court. The question for our determination is: "Has the local-option law been legally adopted in Cass county?"

I. Several objections are urged against the validity of the proceedings, two of which, at least, we consider well taken. Section 4598, Revised Statutes, 1889 (which is the first section of the local-option law), provides that, "upon application by petition signed by one-tenth of the qualified voters of any county who shall reside outside the corporate limits of any city or town having, at the time of such petition, a population of twenty-five hundred inhabitants or more, * * * the county court of such county *shall* order an election to be held in such county at the usual voting precincts for holding any general election for state officers, *to take place within forty days after the reception of such petition*, to determine." * * * Now it seems that on July 10, 1888, the petition of J. N. Haddock

and others (in all about eighteen hundred qualified voters of Cass county) was presented to the court praying the court to order an election to determine whether or not the local-option law should be adopted in the county outside the limits of cities having a population of twenty-five hundred or more. At that time the court and people, it seems, generally understood that Harrisonville and Pleasant Hill both had more than twenty-five hundred inhabitants, and, hence, would not be included within the operation of the law, if adopted.

Immediately upon reception of the petition of these eighteen hundred voters, and on said July 10, the county court ordered an election as prayed, to occur on August 17, thereafter. The court proceeded further to appoint the judges for election to be held as ordered on said August 17. Some three weeks after receiving and acting upon this petition (that is, on August 1), the county court, on the motion of Haddock and a few others of said petitioners, set aside the order of election made on July 10, assigning as a reason that the census of Harrisonville was that day declared invalid by the circuit court of Cass county. Thereupon, Haddock and others, assuming (but without any authority) to act for the petitioners throughout the county, withdrew the petition which had been presented on July 10, and forthwith, on said August 1, presented the same to the court, who then and there on the same petition made another order for an election to be held on August 31, 1888. It was upon this election held upon the thirty-first day of August, fifty-two days after the petition was first presented, that the prosecution here bases a claim that Cass county, outside of Pleasant Hill, but including Harrisonville, is subject to the provisions of the local-option law. It is now claimed by the defense, and we think correctly, that this election held on August 31 is void because it occurred more than forty

days after the petition was *presented* to the county court.

By the terms of the first section of the law (which we have quoted above) it is the unqualified mandate of the statute that the county court *"shall* order the election to be held in such county   *   *   *   to take place within *forty days* after the reception of such petition." If, then, this petition was presented to, and received by, the county court, on July 10 (and this is unquestionably true), then an election held in pursuance thereof on August 31—fifty-two days after the reception by the court—was beyond the period fixed by the statute, and, hence, said election was unauthorized and void. This exact point was so held by the St. Louis Court of Appeals in *State ex rel. v. Ruark*, 34 Mo. App. 325. In a well-considered opinion by Judge BIGGS, it was there decided that an election under the local-option law will be void, if appointed and held on a day more than forty days after receipt by the county court of the petition of such election. The statute is mandatory, not merely directory. To the same effect, see decision by the court of appeals of Texas. *Ex parte Sublett*, 4 S. W. Rep. 894.

But it is urged by counsel for the state that the election held on August 31 was in pursuance of a petition presented August 1. This brings us now to consider what effect shall be given the performance of that date. Laid bare and unconcealed, the whole matter was this: On July 10, 1888, about eighteen hundred voters living throughout Cass county presented their petition to the county court looking to the enforcement of local option in the county *outside* of the two cities of Harrisonville and Pleasant Hill. All then were of the opinion that both these towns had twenty-five hundred inhabitants, or more, and, hence, under the law, it was conceded that each of these cities was

entitled to fix its own status in the sale or prohibition of intoxicating liquors. The county court acted on this petition and ordered the election to occur on August 17. Subsequently (August 1), owing to some decision by the circuit court, it occurred to some of those who had signed the petition, that Harrisonville did not have the requisite population, and a few of the petitioners of July 10 went before the county court and successfully moved a revocation of the order of July 10; and, then with one hand withdrew the petition which had been presented and acted on July 10, and with the same hand immediately passed it back to the county court as a new petition.

We regard this as a mere idle performance. There was only one petition presented, and that was on July 10. It then served its purpose, and from that time on was powerless to institute another such proceeding. The eighteen hundred signers to that petition had presented the same to the county court, and it had been acted on, under the common understanding that there was to be an election looking to the enforcement of prohibition only in that portion of Cass county outside of Harrisonville and Pleasant Hill. A few of these signers attempted before the county court to withdraw the petition and offer it for another and different purpose; that is, to enforce this prohibition in Harrisonville as well as other portions of the county.

It was all the time the same petition. It was lodged with the court on July 10, and would serve under the law a basis for the order of an election to be held within forty days after said July 10, but not later.

II. There appears, too, on the face of this record, another fatal objection to this proceeding to adopt local option in Cass county outside of the corporate limits of any city or town having twenty-five hundred inhabitants. It is clear under the provisions of the local-

option statute, that if it is desired to adopt this law in any county outside the limits of cities having twenty-five hundred or more population, then the election must be held in every portion of the county over which the law is intended to operate; otherwise we should have a *portion* only of the territory of a county fixing the governmental status of the entire county, and this manifestly cannot be done. *Bean v. County Court,* 33 Mo. App. 622, 644. Now it appears from the only evidence offered below, to-wit, the records of the United States census, that at the time of said election in Cass county, Pleasant Hill (an incorporated city of said county) had a population of less than twenty-five hundred. But, strangely, the county court, in ordering said election, excluded the territory occupied by Pleasant Hill. For what reason does not appear, as there was no finding by said court that Pleasant Hill had twenty-five hundred inhabitants or more. If then Pleasant Hill had a population less than twenty-five hundred, then it was subject to the operation of the law; and, if subject thereto, it was clearly entitled to participate in the election. Defendant's counsel need no citation of authorities to sustain the claim made in their brief, that where the order for an election, and the election as held, should leave out any precinct in the county which is entitled to vote. on the proposition involved, then the entire election is void.

It results then, from the foregoing considerations, that the judgment of the lower court must be reversed and the defendant discharged. All concur.