THE STATE OF MISSOURI, Respondent, v. ED. KELLOGG, Appellant.

Kansas City Court of Appeals, October 5, 1908.

1. DRAMSHOPS: Local Option: Petition: Withdrawing: Re-filing. A petition praying for an election to adopt the Local Option Law was filed at the October sitting of the county court and continued. At the February term it was withdrawn by the petitioners. Two days thereafter it was re-presented and acted upon and an election ordered. *Held,* the withdrawal divested the county court of the jurisdiction and the proceeding was at an end, but the petitioners had a right to appear with it again without signing another paper, since the consent of the petitioners to re-present revitalized the document. [State v. Webb, 49 Mo. App. 407, distinguished.]

2. ————: ————: **Order for Election: Statute.** An order for an election submitted the question of whether or not a sale of intoxicating liquors should be prohibited in said county in accordance with the provisions of the local option law. *Held*, that this was a substantial compliance with the statute, and following the exact words of the statute was not necessary, though the better practice.

3. ————: ————: ————: **Newspaper: Notice.** An order for a local option election directed the clerk to cause to be published a notice thereon in some newspaper published in said county, etc. The clerk published it in all the newspapers published in the county. *Held*, the publication cured the defect in the order which should have designated some paper.

Appeal from Worth Circuit Court.—*Hon. William C. Ellison*, Judge.

AFFIRMED.

*J. W. Peery* and *Kelso & Kelso* for appellant.

(1) It has been universally held that this, and similar provisions in statutes relating to the adoption of local option laws, are mandatory and the election must be held within forty days after the receipt of the petition, by the county court, and if not so held, the election is void. State ex rel. v. Ruark, 34 Mo. App. 325; State v. Webb, 49 Mo. App. 407; Ex parte Sublett, 23 Tex. Civ. App. 309, 4 S. W. 894; Curry v. State, 28 Tex. App. 475, 13 S. W. 752; Black on Intox. Liq., sec. 96; 19 Am. and Eng. Ency. Law (2 Ed.), p. 503; Ex parte Conley (Tex.), 75 S. W. 301, and cases cited. (2) It was lodged with the court on July 10, and would serve under the law a basis for the order of an election to be held within forty days after said July 10, but not later. State v. Webb, 49 Mo. App. 413; 19 Am. and Eng. Ency. Law (2 Ed.), p. 503. (3) The statute only authorizes the county court to call an election, "to determine whether or not spirituous and intoxicating liquors, including wine and beer, shall be sold within the limits of the county." R. S. 1899, sec. 3027. The order of the county court did not either literally or substantially, follow this statutory power

and authority, but upon the contrary, called an election to determine whether or not the sale of intoxicating liquors shall be prohibited in said county." (4) We understand that the power given to the county court to call this election, is a special power prescribed in a special statute, which declares what question shall be submitted to, and determined by the voters, and particularly enumerates the kind of liquors which may or may not be sold, and that the county court, under this statute, has no power to depart from the plain words of the statute, in its order submitting the question to the people. Black on Intox. Liq., sec. 95; Ex parte Beaty, 21 Tex. App. 426, 1 S. W. 461; State v. Fulks, 105 S. W. 733. (5) The order of the county court was also void for the further reason that it did not designate the newspaper in which the notice of the election should be published. Carnes v. State (Tex.), 99 S. W. 98; Patton v. State (Tex.), 100 S. W. 778.

*John Ewing,* Prosecuting Attorney, and *Leo. M. Phipps* for respondent.

(1) The general presumption of right acting, which attends all official bodies, will obtain in such a case, and it will be presumed that the fact did exist, until the contrary is made to appear in a direct proceeding. See also State v. Hitchcock, 124 Mo. App. 104. In the case of Myers v. McRay, 114 Mo. 337: "A judgment which is not void upon the record is not subject to collateral attack." On the proposition that a judgment not void on its face cannot be attacked collaterally, see the following authorities: Livingston v. Allen, 83 Mo. App. 294; Fulkerson v. Davenport, 70 Mo. 54; Yates v. Johnson, 87 Mo. 213; McDonald v. Frost, 99 Mo. 44; Myers v. Miller, 55 Mo. App. 338. (3) We say first, that the order of the county court which follows the language of the petition presented to the court, is almost

133 App—28

the same language used in the title to the Local Option Act.

JOHNSON, J.—Defendant was indicted, tried and convicted on a charge of violating what is known as the Local Option Law, article III, chapter 22, Revised Statutes 1899, and brings the case here by appeal. For the purposes of the case, defendant admitted making the sale charged in the indictment and interposed as his sole defense the claim that the election in Worth county (where the sale was made) "to determine whether or not spirituous and intoxicating liquors, including wine and beer, shall be sold within the limits of such county" was not held in conformity with mandatory provisions of the statute.

The first attack on the validity of the proceedings is leveled at the petition of the qualified voters of the county on which the election was ordered. The record of the county court relating to the petition embraces the following entries:

"Oct. 3, 1887: In the matter of the petition of divers tax payers of Worth county for an order for an election to determine the question of the adoption or rejection of Local Option with regard to the manufacture and sale of intoxicants. It is ordered by the court that the petition presented be filed for record and the matter is continued until the next term of this court or until the constitutionality of the act be determined.

"Feb. 6, 1888, in the matter of the petitions filed by the tax payers on October 3, 1887, in this court praying for an order of election on the question of Local Option and continued at said term until the constitutionality of said act be determined, now come the petitioners in said cause and ask leave to withdraw the same from the consideration of said court. It is therefore ordered by the court that they be permitted to withdraw the same.

"Feb. 8, 1888, now at this times comes Carson Reed, B. N. Danford and Rev. Watkins and file their petition in open court praying the court to order an election to submit to the qualified voters of the county the question of prohibiting the sale of intoxicating liquors in the county of Worth in accordance with the provisions of the Wood Local Option law, session acts of 1887 at page 180, which said petition is taken up and considered by the court and the court doth find that the said petition is signed by at least one-tenth of the qualified voters of Worth county as required by law. It is therefore ordered by the court that an election be held on the 9th day of March, A. D. 1888, at the various voting precincts in said county to determine whether or not the sale of intoxicating liquors shall be prohibited in said county in accordance with the provisions of the Local Option Law. It is further ordered that the clerk of this court cause to be published a notice of said election in some newspaper published in said county for at least four consecutive weeks, the last insertion to be within ten days next before said election."

Oral evidence was admitted, from which it appears beyond question that the petition withdrawn on February 6, 1888, was embodied in the petition filed two days later and the evidence tends to show that lists containing the names of new petitioners were incorporated with the old lists and entered into the composition of the petition presented on February 8, 1888. The statute provides (sec. 3027, Revised Statutes 1899) : "Upon application by petition signed by one-tenth of the qualified voters of any county . . . the county court of such county shall order an election . . . to take place within forty days after the reception of such petition," etc. Defendant contends that the provision requiring the election to be held in forty days after the reception of the petition is mandatory and that "since the evidence shows that the petition was

received by the county court October 3, 1887, and remained on file until February 6, 1888, when it was withdrawn and refiled February 8th, and the election ordered to be held on March 9th, one hundred and fifty-six days after the receipt of the petition by the county court, the election was therefore void."

It was held by the St. Louis Court of Appeals in State ex rel. v. Ruark, 34 Mo. App. 325, and by this court in State v. Webb, 49 Mo. App. 407, that the statutory provisions relating to the time and place of holding an election under the Local Option Law are mandatory and not merely directory and that an election held on a day more than forty days after the receipt of the petition by the county court must be declared void. This view of the law has our sanction, and we pass to the question of whether the election in the present instance was appointed for a day within the statutory period. Defendant says that when the petition was received by the county court on October 3, 1887, its sole function was performed and that by withdrawing it and refiling it the petitioners could not prolong its life and thus extend the time of holding the election beyond the statutory limit of forty days. Reliance is placed on State v. Webb, supra, to support this contention. There a petition signed by about eighteen hundred voters was presented to the county court on July 10, 1888, and an election was ordered. Some three weeks later, a few of the petitioners (so the record stated) appeared in court and for reasons not important here, asked and obtained leave to withdraw the petition. Without leaving the courtroom, they then refiled the petition and obtained an order for an election which was held fifty-two days after the original filing. Speaking of this proceeding, we said: "We regard this as a mere idle performance. There was only one petition presented and that was on July 10th. It then served its purpose and from that time on was powerless to

institute another such proceeding. The eighteen hundred signers to that petition had presented the same to the county court and it had been acted on under the common understanding that there was to be an election looking to the enforcement of prohibition only in that portion of Cass county outside of Harrisonville and Pleasant Hill. A few of these signers attempted before the county court to withdraw the petition and offer it for another and different purpose, that is to enforce this prohibition in Harrisonville as well as other portions of the county. It was all the time the same petition. It was lodged with the court on July 10th and would serve under the law a basis for the order of an election to be held within forty days after said July 10th, but not later."

The facts before us differ in essential particulars from those stated in the case under review, and call for the application of a different rule. Here the record recital is that the petitioners themselves appeared and asked leave to withdraw their petition. Their number is not disclosed, but whether it was one hundred or eighteen hundred, we have no right to reject as false this solemn record declaration, especially in view of the fact that its verity is not attacked in any manner. Rightly understood, there is nothing in the opinion in the Webb case to militate against the view we entertain that they who petition for anything have an inherent right to withdraw their petition at any time before the accomplishment of its purpose and we went no further than to deny to a small minority of the petitioners the right, on their own motion and without authority from the others to bind the whole body to a substantial alteration of the original purpose by a mere manipulation of the petition. Clearly this was right but it falls far short of being a pronouncement that the petitioners themselves might not have with-

drawn their petition at any time before the order for the election was made as was done in the present case.

The effect of such withdrawal was to divest the county court of jurisdiction over the subject-matter and with the proceeding at an end, there was nothing to prevent the same persons who signed the other petition from appearing again as petitioners. They had not disqualified themselves and having the right to petition, why put them to the trouble of signing another paper? We perceive no reason for saying that they might not use the same lists again. If all consented to another presentation, such consent revitalized the document and it would be absurd to hold that their consent could be evidenced only by signing a different paper. The presumption of right acting which attaches to official acts compels us to assume, in the absence of a showing to the contrary, that in the two days which intervened between the withdrawal of the first petition and the presentation of the second, the consent of the first petitioners was obtained to the refiling of the original lists.

Next, defendant contends that the order for the election is fatally defective for the reason that it provides for the submission to the voters of a propostion not authorized by the statute. The question stated in the order is "whether or not the sale of intoxicating liquors shall be prohibited in said county in accordance with the provisions of the Local Option Law." That approved by the statute (sec. 8027), is "whether or not spirituous and intoxicating liquors, including wine and beer shall be sold within the limits of such county." In the published notice of the election, the proposition to be voted on was stated in the language of the statute, and a proper form of ballot was given. In proceedings of this character, it always is advisable to follow closely the language of the statute, and where this is not done and the variance is substantial, the election must be declared void. [Black on Intoxicating Liquors, sec. 95;

Ex parte Beaty, 1 S. W. 451.] But where, as here, there has been a substantial compliance with the statute, it is immaterial that its exact words were not employed in the order. It is the substance, not the form, that is all important. Unquestionably, the voters knew that the proposition to be determined was that authorized by the statute, for the order itself so stated and, in addition, they were so informed by the published notice as well as by the form of the ballot. If there was no room for a voter of ordinary intelligence to be deceived or misled about the question to be voted on—and we think there was none—mere verbal inexactness in the order should be disregarded. To hold otherwise would involve the injustice and logical absurdity of sacrificing the spirit and reason of the law to its bare letter. The function of the order was accomplished fully when the voters were given a legal opportunity to vote on the very question the law required to be submitted to them.

Finally, it is argued that the order was defective because it failed to name the newspaper in which the notice of election was to be published. The order directed the clerk to "cause to be published a notice of said election in some newspaper published in said county for at least four consecutive weeks," etc. It unquestionably appears from the evidence that the clerk published the notice in all of the newspapers published in the county. In State ex rel. v. Baldwin, 109 Mo. App. l. c. 578, we said: "Under section 3029 of said Local Option Law, it devolved on the county court to direct in what newspaper published in the county if there was more than one so published, in which notice of the election should be published and to order such other notice as it might think proper," etc.

That is true. The law does not contemplate that the county court may leave it to the clerk to make a choice from among two or more papers. Such a course

might lead to attempts to suppress the dissemination of information intended by law to be given full publicity. But in the case in hand, while the order apparently did attempt to delegate the selection of the newspaper to the clerk, no harm was done for the reason that he wisely refused to make a choice and employed all of the papers in the county. In doing this, he substantially complied with the requirements of the statute, since he accomplished all that would have been accomplished had the order named the newspaper.

We are of opinion that the election was legal and as its alleged invalidity is the only defense offered, it follows that the judgment must be affirmed. All concur.