STATE OF MISSOURI, Respondent, v. W. H. GATLIN, Appellant.

Kansas City Court of Appeals, May 23, 1910.

LOCAL OPTION: Notice of Election.   The county court must designate the paper which is to publish the notice of an election held to decide whether intoxicating liquors may be sold in a county. The court cannot delegate such authority to the county clerk.

Appeal from Daviess Circuit Court.—*Hon. Arch B. Davis,* Judge.

REVERSED.

*Dudley & Selby, Jno. C. Leonard* and *T. H. Hicklin* for appellant.

*Rollin J. Britton* and *Fred Fair* for respondent.

ELLISON, J.—Defendant was prosecuted and convicted on an information by the prosecuting attorney of Daviess county, for selling intoxicating liquors contrary to the provisions of the Local Option Law, alleged to have been adopted by that county. He duly appealed to this court.

The defense is based on the ground that the Local Option Law had not been legally adopted, in that notice of the election had not been given as required by the statute authorizing a vote on the question whether intoxicating liquors could be sold in that county. The statute (sec. 3029, R. S. 1899) which directs a notice of the election, reads as follows:

"Notice of such election shall be given by publication in some newspaper published in the county, and such notice shall be published in such newspaper for four consecutive weeks, and the last insertion shall be within ten days next before such election, and such other notice may be given as the county court or municipal body ordering such election may think proper, in order to give general publicity to the election."

The order of the county court for notice was for the clerk to cause the publication of a notice. It reads as follows:

"And it is further ordered by the court that the clerk of this court cause notice of said election to be given by publication in some newspaper published in Daviess county, Missouri, for four consecutive weeks, the last insertion to be within ten days before such election."

The record shows there were seven newspapers published in Daviess county. It further shows that the

clerk selected two of these and had the notice of election published in them.

The particular point made is that the statute requires that the county court shall select the paper in which publication of notice is to be made, and that it cannot delegate such authority to the clerk of the court. We think the point well taken. [State v. Baldwin, 109 Mo. App. 573; State v. Kellogg, 133 Mo. App. 431.] Nothing is said in State v. Campbell, 137 Mo. App. 105, which affects those cases.

The fact that the statute reads that the notice shall be published "in some newspaper" does not justify the conclusion that such newspaper need not be designated in the order for notice; nor does it justify the idea that the clerk may select the paper. The statute does not commit anything, in that respect, to the clerk, which involves discretion. The best newspaper medium of notice is to be ascertained by the county court and direction given for its publication in that paper. That the selection of the medium of notice is committed to the discretion of the court is evidenced by the last clause of the statute, authorizing such other notice as the court may think proper to give general publicity. How is the court to know whether any other and additional notice ought to be given, if some other officer is to give the original or principal notice? There is but one order of the court and when that is made without designating a paper, it could not know what particular paper would be selected by the clerk and therefore could not judge of the necessity of additional means of notice.

We are satisfied there was no notice of the election as required by law, and the election being thereby rendered void, the defendant should not have been convicted. The judgment is reversed. All concur.