Ex parte HARVEY LEACH, Petitioner, v. ARCH
McDONALD.

**In Banc, December 17, 1910.**

**LOCAL OPTION: Notice of Election: Newspaper Not Designated.** The Local Option Law does not require the city council, in calling an election at which the question of the adoption of said law is to be submitted to the legal voters, to designate or select the newspaper in which notice of the calling of the election is to be published. It cannot be said that the law was illegally adopted simply because the city council did not select or designate the newspaper in which said notice was to be published. [Disapproving State v. Gatlin, 143 Mo. App. 605.]

### Habeas Corpus.

PETITIONER REMANDED.

*Geo. R. Clay* and *R. H. Davis* for petitioner.

If the election is illegal, if the Local Option Act was not legally adopted, the process under which petitioner was arrested and detained was not authorized by any provision of the law, and habeas corpus will lie. R. S. 1899, sec. 3578; 2 Spelling, Extraordinary Relief, secs. 1205 and 1207; Ex parte Neet, 157 Mo. 527; In re Flukes, 157 Mo. 125; Ex parte Harrison, 212 Mo. 88; Ex parte Smith, 135 Mo. 223; Ex parte Marmaduke, 91 Mo. 228. It is a general rule of law governing special elections, or at least it is in this State, that the provisions of the statutes regulating the calling of such elections and the giving of notice thereof must be strictly complied with in order for such elections to be legal. Bean v. Barton County Court, 33 Mo. App. 636; State ex rel. v. Tucker, 32 Mo. App. 620; State v. Kaufman, 45 Mo. App. 656; State v. Kapman, 75 Mo. App. 188; State ex rel. v. Martin, 83 Mo. App. 55; State ex rel. v. Baldwin, 109 Mo. App. 573; State v. Kellogg, 133 Mo. App. 431, 128 S. W. 806.

*A. G. Young* and *W. R. Robertson* for respondent.

When the voters have had an opportunity to express, and have fairly expressed their will, an election should not be held invalid for mere irregularities which in no way affect the result. Sanders v. Lacks, 142 Mo. 255; State ex rel. v. Roberts, 153 Mo. 112; State ex rel. v. Swanger, 212 Mo. 472; State v. Swearingen, 128 Mo. App. 613; Seymour v. Takoma, 33 Pac. (Wash.) 1059; Stearns v. States, 110 Pac. (Okla.) 909; Wheat v. Smith, 50 Ark. 266; State ex rel. v. Shanks, 125 N. W. (S. D.) 122; Bauer v. Board, 122 N. W. (Mich.) 121; State ex rel. v. Laughlin, 67 N. W. (N. Dak.) 958; Ex parte Shilling, 42 S. W. 553; Sneed v. State, 49 S. W. 595; Norman v. Thompson, 72 S. W. 62; In re Rowley, 70 N. Y. Supp. 208; Dishon v. Smith, 10 Ia. 212; Brown v. Street Lighting Dist., 55 Atl. 1080; Buchanan v. Graham, 81 S. W. 1237; Irwin v. Gregory, 13 S. E. 120; 5 Ency. Ev., 101-2; 19 Am. and Eng. Ency. Law (2 Ed.), 504; 15 Cyc. 372.

WOODSON, J.—This is a proceeding by habeas corpus, instituted by the petitioner in the Springfield Court of Appeals. The prayer for release was denied, and the petitioner was remanded to the custody of the sheriff. However, that court considered its opinion delivered therein was in conflict with the opinion delivered by the Kansas City Court of Appeals, in State v. Gatlin, 143 Mo. App. 605, and in consequence thereof the cause was, under the provisions of the Constitution, certified to this court.

The petitioner was arrested by virtue of a warrant duly issued under an information filed by the prosecuting attorney of Jasper county, charging him with a violation of the Local Option Law of Webb City, which was charged to be in force in said city.

The petitioner failing to give bond for his appearance in court to answer said information, he was committed to the county jail of said county for safe

keeping. By this proceeding the petitioner seeks to be released from custody and restored to liberty.

The substance of the petitioner's complaint is, that the act of the Legislature known as the Local Option Law was never legally adopted in Webb City, for the reason contended, "that the city council in calling the election at which the question of the adoption of said act was submitted failed to select or designate the newspaper in which notice of the calling of said election should be published."

The return of the sheriff practically admits all the allegations of the petitioner, but denies that the law required the city council to designate the paper in which the notice of the election should be published. To this return the petitioner filed a demurrer.

I. As appears from the foregoing statement of the case, there is but a single proposition presented for adjudication, and that is, did section 3029, Revised Statutes 1899, require the city council of Webb City to select or designate the newspaper in which the notice of the election should be published? The petitioner maintains the affirmative of that proposition, while the sheriff, by his return, denies it. That section reads as follows:

"Notice of such election shall be given by publication in some newspaper published in the county, and such notice shall be published in such newspaper for four consecutive weeks, and the last insertion shall be within ten days next before such election, and such other notice may be given as the county court or municipal body ordering such election may think proper, in order to give general publicity to the election."

By reading this section of the statute it will be seen that it is perfectly silent as to any requirement that the city council should designate the paper in which said notice should be published. That section imposes no such duty of selection upon the council. If

the Legislature had so intended it could easily have .so provided. The publication therein provided for published in any newspaper published in the county is within both the letter and spirit of the statute. However, that section does provide, that, if in the judgment of the city council it deems it proper, it may give other and additional notice to that which is required to be published in some newspaper. The latter is discretionary with the council, while the former is mandatory.

The entertainment of these views leads to an affirmance of the judgment of the Springfield Court of Appeals, and to the overruling of the case of State v. Gatlin, supra.

We, therefore, deny the petitioner's prayer for discharge, and remand him to the custody of the sheriff of Jasper county, to be dealt with according to law. All concur.