## Lemley's License

*Paul D. Carmichael,* for appellant.

HUGHES, J., November 7, 1936.—The parties to the record stipulated that Helen Lemley, a resident of Buffalo Township, Washington County, Pa., did, on April 27, 1936, present a proper application to the Treasurer of Washington County for a retail dispenser's license in said township, which was refused for the reason that "Buffalo Township at the last municipal election held in November, 1935, voted against the granting of such licenses in said township, and in pursuance with the Act [Beverage License Law] of May 3, 1933, [P. L. 252], as amended by

the Act of July 18, 1935, P. L. 1217, this license has been refused".

On July 29, 1935, and subsequent thereto, petitions for a referendum at the municipal election to be held Tuesday, November 5, 1935, on the question of issuing licenses for the sale of malt liquor as provided by the Malt Liquor License Law of December 20, 1933, P. L. 75, were signed by qualified electors of the Township of Buffalo equal in number to 10 percent of the highest vote cast for any office in the Township of Buffalo at the last preceding general election. The petitions provide that the question be submitted in the following form:

| Do you favor the granting of Malt Liquor Retail (beverage) licenses in the Township of Buffalo? | Yes | |
| --- | --- | --- |
| | No | |

These petitions were duly submitted to the township supervisors and that question was placed on the township ballots at the next municipal election held Tuesday, November 5, 1935. At that election 184 voted "No", 155 voted "Yes", and 32 did not vote either way on the question. The question submitted to the voters was not as stated in the Beverage License Law, 1933, sec. 31:

| Do you favor the granting of retail beverage licenses in the Township of Buffalo? | Yes | |
| --- | --- | --- |
| | No | |

Nor did it conform exactly to the Beverage License Law of July 18, 1935, P. L. 1217:

| Do you favor the granting of malt and brewed beverage retail licenses for consumption on premises where sold in the Township of Buffalo? | Yes | , |
| --- | --- | --- |
| | No | |

It is contended by the petitioner that the Beverage License Law of 1935 was not strictly complied with as to the question submitted to the voters of the district, and that

no proper referendum was held by the qualified electors of Buffalo Township, and that for this reason the treasurer should issue the license applied for.

We recognize that the matter which is to be voted on should comply with the legislation providing for the submission of the question to the voters, and where a material variance has taken place, as occurred in Simons' License, 25 D. & C. 231, where the question whether alcoholic beverages should be sold within the municipality was to be submitted to the electors in the municipality as a whole, and the question the electors voted upon was the sale of beverages in their particular ward of the municipality, such election is a nullity. But the court stated therein:

"We do not decide that a slight variation from this exact wording not affecting the meaning would invalidate the election. But the authority for holding the election is purely statutory, and there must at least be a substantial compliance with the provisions of the statute. And especially must this be so when the words used do not effectuate the result which the legislature contemplated."

What the legislature contemplated in the act in question was that the voters of the district should have an opportunity to pass upon whether or not the sale of malt beverages should be licensed in their township. Whether the form of question submitted to them was as set forth either in the Beverage License Law of 1933, sec. 31, or in the Beverage License Law of 1935, or as was set forth on the ballot which was actually submitted to the voters, the question to be decided would be so clear and concise that no voter could mistake the proposition on which he was voting.

In Olson et al. v. City of Lemmon et al., 33 S. D. 380, 146 N. W. 592, where the variation in the ballot was that the words "Yes" and "No" and the squares were printed after instead of before the question submitted to a vote, it was said:

" ... we know of no possible reason why just as free and fair an election might not be had with the words 'Yes' and

'No', and the squares, at the right of the question submitted as might be had with said words 'Yes' and 'No,' and the squares, at the left of the submitted question. The irregularity here under consideration was due wholly to the city official, whose duty it was to procure the ballots, and was in no manner due to any act of any individual elector.

"It seems to be the general rule that votes of innocent electors are not invalidated by mere irregularities on the part of public officers charged with the duty of preparing and procuring official ballots, where such irregularities have not prevented a free and fair popular vote, or where the substance of no essential requirement of the law has been violated, unless the Legislature has expressly so declared."

And likewise, in Hawes et al. v. Miller et al., 56 Iowa 395, 9 N. W. 307, it is stated that if the ballots express the intention of the electors beyond a reasonable doubt they will be regarded as sufficient, though they may be technically inaccurate as to form. The matter of submission of ballots containing the question of local option came up in State v. Kellogg, 133 Mo. App. 431, 113 S. W. 660, and therein it was stated:

"But where, as here, there has been a substantial compliance with the statute, it is immaterial that its exact words were not employed in the order. It is the substance, not the form, that is all important. Unquestionably, the voters knew that the proposition to be determined was that authorized by the statute, for the order itself so stated and, in addition, they were so informed by the published notice as well as by the form of the ballot. If there was no room for a voter of ordinary intelligence to be deceived or misled about the question to be voted on—and we think there was none—mere verbal inexactness in the order should be disregarded. To hold otherwise would involve the injustice and logical absurdity of sacrificing the spirit and reason of the law to its bare letter. The function of the order was accomplished fully when the voters

were given a legal opportunity to vote on the very question the law required to be submitted to them."

And likewise, in Taylor et al. v. Cook et al., 147 Ky. 215, 143 S. W. 1055, 1058, it is stated:

"Furthermore, it is insisted that the proposition submitted to the voters upon the official ballot was so misleading, contradictory and confusing as to render the election invalid. The question submitted was in the following form: 'Do you wish the prohibition law now in force in the city of Nicholasville, by virtue of the election held September 20, 1906, to become inoperative?' The statute (Sec. 2554) requires the court to submit 'the proposition whether or not spirituous, vinous or malt liquors shall be sold, bartered or loaned therein, or whether or not any prohibition law in force in any county, city, town, district or precinct, by virtue of any general or special act or acts, shall become inoperative; and counties, cities, towns, districts and precincts in which the sale, barter or loan of spirituous, vinous or malt liquors are now prohibited may have a vote thereon, under the provisions of this act.'

"In Taylor v. Betts, supra, wherein the court passed upon the validity of the election in Nicholasville in 1910, the question submitted was as follows:. 'Do you wish the prohibition law now in force in the city of Nicholasville, by virtue of the election held September 20, 1906, to become inoperative, and the sale, barter or loan of spirituous, vinous or malt liquors in said city be permitted?' It was there urged that the question did not comply with the statute, and was misleading. But in passing upon the sufficiency of the question there submitted, this court said:

" 'It will be observed that the question follows, substantially, the language of the statute (Section 2554, Ky. Sts.), and then adds the words, "and the sale, barter or loan of spirituous, vinous or malt liquors in said city be permitted." While the proposition submitted is longer than it should have been, and is not as clearly stated as it might have been, we can not say that it was so confusing

that it was calculated to, and did, affect the result of the election. Even those witnesses who testified that it was confusing, with possibly one or two exceptions, had no trouble in voting their sentiments upon the question involved, although it might have taken them longer to do so than if the question had been more briefly stated. This ground of contest, in our opinion, is insufficient to justify us in setting aside the election.'

"The same result must follow here."

We are satisfied that the voters of Buffalo Township had no difficulty in understanding the proposition on which they were voting, and that the result of their vote showed their clear intention not to permit the sale of malt and brewed beverages in the Township of Buffalo. For this reason, there being a prohibition against the sale of malt and brewed beverages in the Township of Buffalo, the county treasurer properly refused to issue a license to appellant and this appeal should be dismissed at the costs of appellant.

And now, November 7, 1936, the appeal of Helen Lemley is dismissed at the costs of appellant.