## SMITH v. BLUNT.

### No. 5076.

Court of Civil Appeals of Texas.    Amarillo.

April 10, 1939.

J. D. Bell and William B. Combest, both of Paducah, for appellant.

James M. Whatley, of Paducah, and Hamilton & Hamilton, of Matador, for appellee.

**326**

FOLLEY, Justice.

This suit is an election contest in connection with a special local option beer election held in Cottle County, Texas, on November 8, 1938, wherein A. Smith and seven other qualified voters of Cottle County sought to have such election declared null and void. C. E. Blunt, County Attorney of Cottle County, in his official capacity, was the contestee in the trial court. From a judgment denying the contestants any relief and declaring the election valid, A. Smith, the only appellant herein, has prosecuted this appeal.

For several years prior to November 8, 1937 the sale of beer containing not more than four per centum of alcohol by weight was legal in Cottle County. No other intoxicants were permitted by law to be sold in the county. On the date mentioned a petition containing the names of 253 citizens of Cottle County was presented to the commissioners' court of the County asking for a local option election to prohibit the sale of such beer. A purported election was ordered and thereafter held on November 19, 1937, which was duly contested in the District Court of Cottle County and held void by such court by its judgment of the date of December 16, 1937. The judgment therein rendered directed the commissioners' court to order another election upon the petition as provided by law. From this judgment there was no appeal.

On October 20, 1938 the commissioners' court ordered the election which forms the basis of this appeal. Such order recited that a petition of 253 citizens of the county, containing more than ten per cent of the qualified voters of the county, had been presented to the court on November 8, 1937, asking for such election; that such election was held on November 19, 1937; that said election was "by the judgment of the District Court rendered on the 16th day of December 1937, held to be invalid and void, and was wholly set aside, and this Court was directed by said judgment to order another election upon said petition, as provided by law, from which judgment no appeal was prosecuted, and the same has become final"; and that the court, having again considered said petition, found the same in proper form and signed by more than ten per cent of the qualified voters of Cottle County, based upon the votes cast in said county for Governor at the last preceding general election. The order further recited that a motion was made and carried that the court

order an election "as prayed for in said petition" and provided that the election should be held on November 8, 1938, designated the officers to hold the election at each voting place in the county, stipulated the form of the ballot and ordered the county clerk to post the notices as required by law. On the date designated such election was held. On November 14, 1938 the commissioners' court canvassed the returns and made its order declaring the results, finding that a majority of 385 voters of Cottle County favored prohibiting the sale of beer containing not more than four per centum of alcohol.

The assignments of the appellant attacking the validity of the election may be reduced to two complaints, namely: (1) that the election order was void because the commissioners' court undertook to act under the voters' petition instead of acting under the authority of the judgment of the district court declaring the first election void and ordering another election; and (2) that the election order was void because it was not entered either at the first term of the commissioners' court, or within a reasonable time, after the judgment of the district court declaring the first election void and ordering the second election. In connection with the latter complaint it was stipulated by the parties that numerous meetings of the commissioners' court were held between the time of the district court judgment and the ordering of the second election by the commissioners' court.

From an analysis of the order of the commissioners' court calling the election in question we are unable to say that such order was not based upon the judgment of the district court and for that reason we are not required to pass upon the status of the order on the theory that it was based solely upon the petition originally presented by the voters. From an examination of the language of the order from which we have quoted above, it will be seen that such order recited that the trial court in the first contest directed the commissioners' court to "order another election upon said petition, as required by law". Having so ordered the commissioners' court, granting that the new order was by its language predicated upon the petition, such was exactly what the district court had ordered the commissioners' court to do. From the provisions of the order as a whole we think it could not be reasonably said that the commissioners' court did not consider

the judgment of the district court as its authority for ordering the second election or that its action in so doing was not in obedience to such judgment. Such being our opinion the first assignment is overruled.

█ That portion of the other assignment of the appellant wherein he asserts that the election order was void because not entered at the first term of the commissioners' court after the judgment ordering the second election, must be overruled because neither the present law providing for local option elections upon the petition of the voters nor the law requiring the district court to order another election in the event a preceding election is declared void, specifies the time or the term of court at which the commissioners' court must issue such order for an election. Sections 32 and 40a of article 666, Vernon's Annotated Penal Code of Texas. Under the old statute of 1876, it was provided that the petition presented the commissioners' court for such an election must be acted upon at the first term of the court after the petition was filed. In view of this provision of the 1876 law, in the case of Ex parte Sublett, 23 Tex. App. 309, 4 S.W. 894, it was held that the petition asking for a local option election filed with the commissioners' court on the same day the court met, but previous to the hour the court convened, required the court to act upon the petition at such term. It was further held that the action of the commissioners' court on such petition at a succeeding term was void. That decision was rendered in 1887. Shortly thereafter the 1876 article was amended by the Legislature and the time element was eliminated from the statute. Evidently the Legislature felt that the commissioners' court should have more time between the filing of the petition and the ordering of the election in which to investigate the petition and determine its sufficiency. The law as amended, and as it now exists, makes no provision as to what term of the commissioners' court the election order shall be passed, but apparently leaves that matter to the judgment and discretion of the commissioners' court. The trial court, in the instant case, has in effect held that no conditions existed in this case to show that the commissioners' court abused its discretion in its action in such a manner as to make the election herein void. Therefore, the only question remaining for us to determine is whether or not the trial court was authorized, under the facts and circumstances of this case, to conclude that the alleged dilatory conduct of the commissioners' court was not such as to render the election void.

█ We are in agreement with the contention of the appellant that the election must be ordered within a reasonable time after the commissioners' court receives a valid petition therefor or within a reasonable time after being so directed by a district court judgment wherein a former election is declared invalid. But under the circumstances of this case the question as to what constituted a reasonable time in which to call the election became an issue of fact which has been expressly, or at least impliedly, concluded against the contention of the appellant by the judgment of the trial court. In support of the court's conclusion in this respect are several very pertinent facts. It is a matter of judicial knowledge that no general election was held in Texas between November 8, 1937 and October 20, 1938, the respective dates of each of the election orders. The conditions therefore as to the required number of petitioners were exactly the same on both dates. The order of October 20, 1938 recites that the court again considered the petition and found the same on said date in proper form and that it contained the required number of qualified voters. This portion of the order had reference to the conditions as they existed not on November 8, 1937, but on October 20, 1938. If such petition was not sufficient under the law on the latter date the appellant wholly failed to show such insufficiency and such issue is now foreclosed against him by the judgment of the trial court. Although about ten months expired between the date of the district court judgment directing the commissioners' court to order a new election and the date such command was obeyed, there is a total absence of any proof as to what transpired in the commissioners' court during this interim. It is entirely possible that it required a considerable amount of time and investigation for the commissioners' court to ascertain the facts necessary to determine the sufficiency of the petition. It is true the record shows that no appeal was prosecuted from the 1937 judgment of the district court declaring the former election void, yet such a procedure was certainly a possibility. The commissioners' court would therefore have been authorized to delay its action until such time as the right of appeal from the 1937 judgment would have expired. While we do not wish to establish a precedent that all

delays of this sort in ordering elections would under all conditions be excusable or that all elections held under such delayed orders would under all circumstances be valid, yet, we do hold that the record as presented in this case fails to show such an unreasonable and inexcusable delay as would justify our reversing the judgment of the trial court declaring the election valid.

The judgment is affirmed.