# ESSEX COUNTY,

## MAY TERM, 1853.

---

ELAM WALTER *v.* HAYNES W. BELDING AND OTHERS.

### *Practice.*

Where there were apparently two perfect records of the proceedings of a town meeting, it was held, that *parol* evidence must of necessity be resorted to, to determine which is the legitimate record.

And where the books of record of the town, are wrongfully held by a person claiming to be the town clerk, the writ of *mandamus* is the proper remedy; and the same may with propriety be supplicated by the legal town clerk himself; but if done by the town agent, in behalf of the town, is no such fatal irregularity, as to defeat the proceedings.

THIS was a petition, in the name of the town agent of East Haven, alledging that the defendant and certain others, had usurped the town offices, and having made a partition of them among themselves, were then exercising them without law or right, praying for a writ of *quo warranto,* or *mandamus,* or other appropriate remedy.

The court, in vocation, granted a rule, to show cause, which being served upon the defendants reasonable time before the term, a hearing was had upon the evidence. The facts substantially were, that the annual town meeting was warned on the 8th of March, 1852, and after the town assembled, and chose moderator, the defendant Belding and his friends moved an adjournment, which was debated some time, and a good deal of controversy had upon the state of the vote, but it was finally declared, by the moderator, no vote, and this was known to all concerned. Some few withdrew, declaring that the meeting was adjourned; but most of the objectors remained in and about the meeting, and some took a part in it. Horace B. Root, the former clerk, was present, and after the meeting had elected a clerk for the ensuing year, (Horace L. Walter,) he gave up the books to him, and he made a record of the proceedings on the 8th of March.

The officers were elected throughout, and the meeting adjourned.

When the day to which defendants claimed the meeting was adjourned, came, a meeting was held, at which defendant Belding was elected clerk, and others to fill the other offices. Belding sued out a writ of replevin, and obtained the possession of the town books, and other fixtures of the town clerk's office. The book, when produced in court, contained an entry, certified by the former clerk, of the adjournment, as claimed by Belding, and a record of the proceedings at the adjourned meeting, at which he was elected clerk, made by himself, as clerk. All this, including the certificate of the former clerk of the adjournment, seemed to have been made after Belding obtained the possession of the books.

By THE COURT, REDFIELD, J. We think the meeting was not properly adjourned on the 8th of March, consequently Horace L. Walter is the legal town clerk of East Haven, and it is proper the town books should be speedily restored to his custody, for the purpose of enabling him to make legal records affecting the title of lands, as well as for other purposes. The form of the proceeding is not probably such, as would commend itself altogether to an English Attorney General, as an information for a writ in the nature of a *quo warranto*. But as a mere rule to show cause why some appropriate remedy should not issue, is perhaps well enough. There being apparently two perfect records, *parol* evidence must of necessity be resorted to, to determine which is the legitimate record.

The writ of mandamus seems to us the proper remedy in the case. It might, with perfect propriety, have been supplicated by the town clerk, Walter, himself. But being done by the town agent, in behalf of the town, is no such fatal irregularity as to defeat the proceeding.

The hearing being had upon the rule to show cause, as is common, the writ of mandamus will issue in the peremptory form, in the first instance, and as this settles the rights of all concerned, the case is only retained to know whether it shall become needful to take any further steps to enforce the writ.

Peremptory writ of mandamus to issue.