No. 57.—THE STATE OF GEORGIA *ex Rel.* of Henry Hodges *vs.* A. P. POWERS, Judge of the Superior Courts of Macon Circuit.

[1.] After a bill of exceptions has been signed and certified by the Judge of the Superior Court, and filed with the Clerk, his control over it is at an end; and any alteration made by him in the bill of exceptions, after that time, must be taken and considered as done in his individual, and not his official character.

[2.] *Mandamus* does not lie against *private persons*, but is the proper remedy where there is no other adequate specific relief, to compel all inferior or subordinate tribunals, magistrates and all others exercising public authority, to perform their duty.

Application for mandamus.

The application of Henry Hodges in this case, showed that he was the defendant in a cause tried in Dooly Superior Court. That to the decisions of the Court in that case, he had filed a bill of exceptions, which was duly signed and certified by *Hon. A. P. Powers*, the presiding Judge. That he had given notice thereof to the opposite party, and filed the bill of exceptions, notice, writ of error, and citation, in the Clerk's office, as required by the law and rules of this Court. That since the filing of the bill of exceptions, he was informed, and believed that Judge *Powers* had applied to the Clerk and obtained the bill of exceptions, and materially changed the same, by taking out thereof two of the sheets and substituting three others in lieu thereof.

The prayer was for a mandamus *nisi* to be directed to Judge

*Powers*, requiring him to show cause why the original leaves should not be restored to the bill of exceptions.

J. J. SCARBOROUGH for the motion.

*By the Court.*—LUMPKIN, J., delivering the opinion.

[1.] This application for a mandamus must be refused. In *Heard vs. Heard* (8 *Ga. R.* 380) this Court held that the Circuit Judge had no right to interfere with the bill of exceptions after it has been signed and certified by him and filed with the Clerk. That his duty is then performed, and his control over the bill of exceptions at an end. That his power in the premises has entirely terminated. Adhering to the opinion there expressed, and we see no cause to change it, the *alteration* made in the bill of exceptions in this case, after the same had been filed with the Clerk, together with the original notice, writ of error and citation, as required by law, must be deemed to have been done by the Judge, *individually*, and not in his official character. He had no more *authority* to make it than any other person. Great injustice *may* have been done both to the opposite party, and the Court, by the bill of exceptions as originally signed and certified. We do not say, or even intimate, that such was the fact. But as was said by this Court, when this point was before it in the case already referred to, "The presiding Judge must see to it that the bill of exceptions, *when presented*, is true and consistent with what transpired in the case before him."

What Judge is there that would not most gladly, at some subsequent period, when it is too late, have *altered* or " expunged" from the record, some judgment which he has rendered ? But what is written must remain written.

[2.] It is scarcely necessary to remark, that *mandamus* does not lie against a private citizen. In every well constituted government, the highest judicial authority must necessarily have a supervisory power over all inferior or subordinate tribunals, magistrates and all others exercising public authority.— If they commit errors, it will correct them. If they refuse to

perform their duty, it will compel them—in the former case by writ of error—in the latter by *mandamus*. And it not only lies to ministerial, but to judicial officers. In the former case, it contains a mandate to do a specific act; but in the latter only to adjudicate, to exercise a discretion, upon a particular subject. (*Springfield vs. County Commissioners, &c.,* 10 *Pick. Rep.* 244.)

Had *Judge Powers* refused to sign *a* bill of exceptions, when duly presented in this case, and the accuracy and correctness of which in reciting the points made, and the opinions excepted to were not questioned, the remedy would have been a plain one. But we disclaim all right of making him responsible to this tribunal by *mandamus* for an *alteration* made in the bill of exceptions since it left his hands, and was filed with the Clerk of the Superior Court, his judicial function being fully performed previously thereto.

It is needless, perhaps, to indicate now the course to be pursued, to secure to the plaintiff in error the redress to which he is *constitutionally* entitled. He must be heard upon the bill of exceptions *as it originally stood.* When the Clerk of the Superior Court of Dooly county shall transmit the papers in his office to this Court, *with the facts authenticated as they actually exist,* we will endeavor to award such relief as the exigencies of the case may require. Every Court, we apprehend, possesses, inherently, the power to protect the integrity of its own records. If, upon examination, it shall be found that our organization is defective in this respect, application should be made at once to the Legislature to invest it with this indispensable authority.

Application refused.