State ex rel. v. Trent.

STATE OF MISSOURI, *ex rel.* COOPER COUNTY, Respondent, *vs.*
WILSON W. TRENT, Appellant.

1. *Mandamus—Plats and surveys of county roads made by private citizen—Failure*
   *of to deliver, etc.*—Mandamus will not lie to compel a mere private person, not
   acting in any official capacity, to deliver to the county clerk a book of surveys
   and plats of the county roads, although the plats and surveys were made under
   order of the court and paid for by the county.

*Appeal from Cooper Circuit Court.*

*Hayden & Tompkins,* for Appellant.

I. Mandamus will not lie against a mere private person, not
exercising or claiming to exercise the functions of some of-
fice or trust in which the public is interested. (Dunklin
Co. vs. District Ct., 23 Mo., 449; Hussey vs. Holland, 5 Kan.,
462; High Extra Leg. Rem., § 1 *et seq.*, and § 78; People vs.
Stephens, 5 Hill, 616; State vs. Scofield, 41 Mo., 38.)

*Draffin & Williams,* for Respondent.

I. Mandamus was proper. (Mos. Mand., 153; St. Luke's
Church, etc., vs. Slack, 7 Cush., 226; Dunklin County vs. Dis-
trict Court, 23 Mo., 449.)

SHERWOOD, Judge, delivered the opinion of the court.

The only question worthy of consideration in this case, is
whether a writ of mandamus lies against one, who, having
been employed by the County Court to make a survey of all
the public roads of the county, and to plat them in a suitable
book, does so, and after receiving the contract price for his
services, regains possession of the book and refuses to deliver
the same.

The Circuit Court awarded a peremptory writ for the de-
livery of the book, and this ruling, together with all the in-
termediate steps, which led the way to such result, are assigned
for error. As indicated at the outset, however, the propriety
of the conclusion reached, will be the only point on which our
attention will be centred. An examination of the authori-
ties shows that, although the granting of the writ referred to

is of common occurrence, where there is no other specific legal remedy, in case an ex-officer, whether of a public or a private corporation, company, church, or society, or the executor or widow of such officer, refuses upon demand made, to deliver to his successor in office, the insignia, books, papers, etc., pertaining to such office, (Town Clerk of Nottingham's Case, Sid., 31 ; Anon., 1 Barn., 402 ; Rex vs. Wildman, 2 Stra., 879 ; The King vs. Ingram, 1 W. Be., 50 ; Rex vs. Chapham, 1 Wils. ; Walter vs. Haynes, 24 Vt., 658 ; The People vs. Killduff, 15 Ill., 492 ; The People vs. Head, 25 *Id.*, 325 ; Bun vs. Norton, 25 Conn., 103) yet the most thorough research has signally failed to discover a single instance, where a mere private person, as in the case at bar, has ever been held answerable in such a method of procedure for books of a public nature, which were detained by him.

On the other hand, authority has been found, in full accord with our impression on the argument of the cause, that as regards a person holding no official or *quasi* official station, mandamus would not lie. (3 Steph. N. P. *2308 and cases cited.)

The case of the proprietors of St. Luke's Church vs. Slack, (7 Cush., 226,) is strongly relied on by counsel for relator, as sustaining the ruling of the court below. But that case simply decides this: that on refusal of the treasurer of a religious society, upon the expiration of his term of office, to deliver the records, etc., of the society to his successor, mandamus would issue on petition of the society, to compel him to do so. It is true that after deciding the case mentioned, and very correctly, a loose concluding remark is made, to the effect, that the writ lies to "any person" who has the books of a corporation in his possession, and refuses to deliver them up. But this observation was entirely *dehors* the record ; a mere *dictum*, which finds no support in the long list of cases over which our research has ranged.

This leads to a reversal of the judgment ; Judge Vories absent ; the other judges concur.