MACK et al., Respondents, v. COSTELLO, Appellant.

(143 N. W. 950.)

**1. Mandamus—Right to Mandamus—Requiring Newspaper Publication of Notice—"Office, Trust or Station."**

Mandamus will not lie to compel defendant, who owned the only newspaper in the town in which plaintiff's land lay, to publish a notice of plaintiff's petition to exclude his land from the corporate limits of the city, even though his refusal to do so precluded plaintiff, because of necessity of the notice under Pol. Code, Sec. 1509, from obtaining that relief; since Code Civ. Proc., Sec. 764, authorizes mandamus to issue only against a tribunal, board, or person to compel performance of an act specially enjoined by law as a duty resulting from office, trust, or station; and the publisher of a newspaper assumes no such "trust," etc.

**2. Mandamus—Grounds For Issuance—Refusal to Publish Newspaper Notice.**

That refusal of a newspaper owner to publish a notice for which payment has been tendered will preclude plaintiff from exercising some of his statutory rights, is no ground for issuance of mandamus.

(Opinion filed Nov. 18, 1913. Rehearing denied Jan. 12, 1914.)

Appeal from Circuit Court, Beadle County. Hon. ALVA E. TAYLOR, Judge.

Mandamus by Philip J. Mack and others against Georgia Costello, as owner, manager, and publisher of the Cavour Clarion, to compel publication of a statutory notice. From a judgment is-

suing a peremptory writ of mandamus, defendant appeals. Reversed.

A. W. Wilmarth, for Appellant.

That the court was without jurisdiction to grant the writ of mandamus requiring defendant to publish a notice in the Cavour Clarion, as the defendant is not specially enjoined by law as a duty resulting from a duty, trust or station to print in the Cavour Clarion the notice she is required by the court to publish; the said paper being the sole and exclusive property of the defendant. Code Civ. Proc., Sec. 764.

Where a statute provides what may be done, said statute excludes all other acts not fairly incidental. This writ therefore cannot issue for any purpose not by statute specified. Central Trans. Co. v. Pullman Car Co., 139 U. S. 64.

The defendant is the sole and exclusive owner of the Cavour Clarion. The ownership of that paper had not been acquired by or through any office, trust or station.

The defendant holds no office, trust or station. She owes no duty to the public as the owner of this newspaper and much less to these plaintiffs.

Said writ not only requires defendant to publish said notice, but inferentially requires her to publish that paper. The prerogative rights under a writ of mandamus cannot be enlarged to require the defendant to expend money for material, paper, type and ink upon which to print this notice, and for labor to set up that type, and print such paper. Hussey v. Hamilton, 5 Kan. 27; State v. Hale, (Ind.) 77 N. E. 802; Heath v. Johnson, 36 W. Va. 782, 15 S. E. 980; People v. Mattenger, 212 Ill. 530, 72 N. E. 906; People v. Lewis, 178 Ill. 629, 53 N. E. 1134; City of Napa v. Rainey, 59 Calif. 275; 26 Cyc. 163-382; State v. Naiper, 7 Iowa, 430; Laflin v. State, 49 Neb. 614, 68 N. W. 1022; County v. Hendryx, 14 Ore. 397, 12 Pac. 806; State v. McArthur, 23 Wis. 427.

Plaintiffs' claim, that they have no other remedy for one step in a legal proceeding which they desire to institute against the town of Cavour, except through the columns of the defendant's paper, is no excuse for them to take the property of this individual defendant and appropriate it to their use without due process of law.

*C. A. Kelley,* and *James Byrnes,* for Respondents.

The courts of this state have power to issue the writ in this case, and it is only just and equitable and right that they should have such power. Sec. 1510 of the 1903 Political Code.

Under the provisions of this law, defendant and appellant, being the owner of a legal newspaper publishing legal notices, and the only newspaper of any kind in the town of Cavour, the plaintiffs in this case must have notice of presentment of said petition for to have disconnected and excluded the real estate referred to in the petition, published in said newspaper before the board of trustees of the town of Cavour can legally act upon said petition, and when the defendant refused to publish it under the circumstances in this case, the court has power to compel her to publish it. Sec. 764, Code of Civ. Proc. The same law applies as in the case of a public carrier of passengers, or public carriers of messages, such as telephone and telegraph companies. (Respondent cites decisions referred to in the opinion of the court.)

POLLEY, J. This is a proceeding in mandamus. The defendant is the owner, manager, and publisher of the Cavour Clarion, a weekly newspaper published in the town of Cavour. The Clarion is a legal newspaper, and the only newspaper, published at that place. The plaintiffs are the owners of some 1,100 acres of land within the corporate limits of said town, but none of which has been laid out into city or town lots or blocks. The plaintiffs, being desirous of having said real property disconnected and excluded from the corporate limits of the said town, filed a petition, signed by the requisite number of owners and voters, with the board of trustees of the said town, petitioning said board to exclude and disconnect said property from the said town.

[1] Plaintiffs are attempting to proceed under the provisions of section 1509, Rev. Pol. Code; but the said board is without authority to act upon said petition until a notice of the pendency of said proceeding has been given as required by the provisions of section 1510. This section reads as follows: "No final action shall be taken by the city council or the board of trustees, as the case may be, upon any petition presented in pursuance of the provisions of sections 1508 and 1509 until notice of the presentation of such petition has been given by the petitioners by pub-

lication at least once in each week for two successive weeks in some newspaper published in the city or town where the petition has been presented; or if no newspaper be published in such city or town, then in the newspaper published nearest to such city or town." Pursuant to the requirements of this section, plaintiffs requested the defendant to publish said notice in her paper for two consecutive weeks, and, at the same time, tendered to her the full legal fee for making said publication. Defendant refused the tender and refused to publish the notice as requested, or at all. It is not claimed by the defendant that there was not room in the columns of her paper for said notice, nor did she give any reason for her refusal to publish the same, other than the fact that she did not desire to publish it, and, being the absolute owner and manager of said paper, she was under no obligations, legal or otherwise, to publish it.

Plaintiffs, being thus prevented from proceeding further in the matter and believing that they were entitled, as a matter of right, to have their notice published in defendant's paper, sued out an alternative writ of mandamus; upon the return to which the court made findings of fact and conclusions of law in favor of the plaintiffs and issued a peremptory writ of mandamus, commanding defendant to forthwith publish said notice, as requested. The court, among other things, found that it was necessary that said notice be published in defendant's paper for two consecutive weeks; that plaintiffs have no other speedy or adequate remedy in the ordinary course of law; that the publishing of said newspaper and such notices is a quasi public business; and that the defendant owes the public a duty to publish notices such as the one in question. The defendant assigns as error the making of these findings of fact and conclusions of law and the issuing of the peremptory writ, and brings the case to this court on appeal.

It is the contention of the appellant that the court was without jurisdiction to issue the writ in this case. Section 765, Code Civ. Proc., provides that: "The writ must be issued in all cases where there is not a plain, speedy and adequate remedy, in the ordinary course of law." If this were the only condition requisite to the issuance of the writ, plaintiffs' right would be clear, but section 764 limits the right to issue the writ only to an inferior tribunal, corporation, board, or person, to compel the performance

of an act, which the law specially enjoins, as a duty resulting from an office, trust, or station."

The question to be decided then is: Is the publication of legal notices in a newspaper an act "which the law specially enjoins as a duty resulting from an office, trust or station"? Respondents contend that it is, and cite State ex rel. Waring v. Georgia Medical Society, 38 Ga. 608, 95 Am. Dec. 408; Dane v. Derby, 54 Me. 95, 89 Am. Dec. 722; People ex rel. Bartlett v. Medical Society, 32 N. Y. 187; Nye v. Rose, 17 R. I. 733, 24 Atl. 777; Kennedy v. Board of Education, 82 Cal. 483, 22 Pac. 1042; Runkel v. Winemiller et al., 4 Har. & McH. (Md.) 429, 1 Am. Dec. 411; Amidon v. Farmers' Elevator Co., 28 S. D. 24, 132 N. W. 166—in support of their contention. An examination of these authorities fails to disclose any analogy of the case at bar. nor has our attention been called to any case similar in character. While there are many steps in the administration of justice that require the giving of notice through the columns of a newspaper, the law nowhere seems to specially enjoin the publicaton thereof as a duty upon the publishers of newspapers. It seems to have been taken for granted that no publisher of a newspaper would refuse to publish a legal notice when requested so to do, and especially where the fee was offered in advance, as was done by respondents in this case. It is true, the statute defines a legal newspaper and requires that legal notices be published in newspapers so designated. It also contains other provisions relative to such publications, payment of fees, etc. (Rev. Pol. Code, §§ 1847-1852, inclusive) ; but it nowhere attempts to impose any obligation to publish any and all such notices as may be requested where payment therefor is made in advance; neither can the publication of a newspaper be held to be an office, trust, or station within the purview of section 764, Code Civil Pr. The publication of a newspaper is strictly a private business. It may be begun or discontinued at the will of the publisher. The publisher in publishng a newspaper, assumes no "office, trust or station," in a public sense, or enters into any public or contractual relation with the community at large. It may be that the publishing of a newspaper is a quasi public business; but, if so, it is only because, from long existence, it is regarded as a public necessity. But as much might be said of the hardware or grocery business.

and yet no one would contend that a grocer or hardware dealer could be compelled by mandamus to sell his wares if he preferred to keep them on his shelf. Of course, we decide nothing and express no opinion with reference to the duties or obligations of a newspaper that has been designated as the "official newspaper" of any particular municipality; this question not being involved on this appeal.

[2] The refusal of appellant to publish respondents' notice may prevent them from having their petition acted upon by the town board, and thus proclude them from the benefits of a right given them by statute; but, because appellant's course may impose a hardship upon respondents, does not authorize the court to exercise a jurisdiction not conferred by statute. Nor may the court inquire into the motives of the appellant. Whether she is actuated by malice or connivance, or mere caprice, is wholly immaterial, so far as the jurisdiction of the court is concerned. But the result of appellant's conduct in this case demonstrates the vexation or mischief that might result from a similar course by newspaper publishers generally. Many municipal and governmental functions are, by law, made to depend upon, and require, the giving of public notice through the columns of newspapers. In this case, the result of appellant's conduct may not result in serious damage to respondents; but it has demonstrated the fact that it is the plain duty of the Legislature, when next assembled, to provide a way of giving publicity to legal notices other than through the columns of the newspapers.

The judgment appealed from is reversed, with directions to the trial court to dismiss the alternative writ; but, as no reason was assigned by appellant for refusing to publish respondents' notice, no costs will be allowed to appellant.