OLSON et al., Appellants, v. CITY OF LEMMON et al., Respondents.

(146 N. W. 592.)

**Elections—Form of Ballot—Sale of Liquors—Irregular Ballot—Validity of Vote.**

In absence of express legislative provision, votes of innocent electors are not invalidated by mere irregularities by public officers in preparing official ballots, if such irregularities do not prevent a free and fair popular vote, or do not violate an essential statutory provision. So held, construing Pol. Code, (Sec. 2856, as amended by Laws 1913, Ch. 254, providing that the words "Yes" and "no" shall be placed upon the ballot before the words "Shall intoxicating liquors be sold at retail?," while, in the case at bar, the words "Yes" and "No" were placed after said quoted question; the variance in the form of the ballot being a mere formal irregularity which did not invalidate the election.

(Opinion filed March 21, 1914.)

Appeal from Circuit Court, Perkins County. Hon. CLAY CARPENTER, Judge.

Action by Oscar C. Olson and others against the City of Lemmon and others, for contest of an election involving votes on the question of sale of intoxicating liquors at retail. From a judgment for defendants, plaintiffs appeal. Affirmed.

*Laurits Miller,* and *Ray J. Murphy,* for Appellants.

. The provision requiring the question to be submitted on a separate ballot is mandatory, and the provisions requiring the words, "Yes" and "No," to be placed before the question voted upon, and the square or circle to be placed at the left of said words, "Yes" and "No," are also mandatory.   Sec. 2856, Pol. Code, Laws 1913, Ch. 254; Sec. 534, Woollen & Thornton, on Intoxicating Liquors, 23 Cyc. 100; Sec. 402, Joyce on Intoxicating Liquors; Sec. 97, Black on Intoxicating Liquors; Tschetter v. Ray 26 S. D. 604; 134 N. W. 796; Vallier v. Brakke, 7 S. D. 343, 64 N. W. 180; McKittrick v. Pardee, 8 S. D. 39, 65 N. W. 23; Howser v. Pepper, 8 N. D. 844, 79 N. W. 1018.

*W. F. Eddy,* and *Campbell & Walton,* for Respondents.

The general rule is that the votes of innocent electors are not invalidated by irregularities on the part of public officers charged with the duty of preparing and printing the official ballots, when such irregularities have not prevented the free and fair expression of the popular choice, unless the legislature has expressly so declared.   10, Am. & Eng. Ency. of Law, 2d Ed., at page 722; State ex rel. Brooks v. Fransham (Mont.), 48 Pac. 1; People v. Wood (N. Y. App.), 42 N. E. 536; Secs. 1916, 1929, Pol. Code.

McCOY, J.   This is a contest involving the legality of an election submitting to a vote the question of the sale at retail of intoxicating liquors.   There is but one question presented for consideration, and that relates to the form of ballot used at such election.   The following form of ballot was used:

Shall intoxicating liquors be sold at retail within city of Lemmon, S. D., during the coming year?   Yes ☐   No ☐

At said election there were 176 ballots marked with a cross in the square at the right of the word "Yes," and 71 ballots marked with a cross in the square after the word "No."   The statute provides (section 2856, Pol. Code, as amended by chapter 254, Laws of 1913) that the question shall be submitted upon a separate ballot upon which there shall be printed the words, "Shall intoxicating liquors be sold at retail?" with a square or circle at the left of each of such words "Yes" and "No," and any voter in favor of such sale shall mark in the square or circle

at the left of the word "Yes" with a cross, and any voter opposed to such sale shall mark in the square or circle at the left of the word "No" with a cross. It is the contention of the contestants, the appellants, that by reason of the fact that the printed ballot used at such election had the words "Yes" and "No" *after* the words, "Shall intoxicating liquors be sold at retail?" instead of *before* such words, and with the squares at the *right* of the words "Yes" and "No" instead of at the *left*, the election was void because the question to be voted upon was not submitted in the manner prescribed by law. It will be observed that the variation from the statute in the ballot used is purely a matter of form. All the *substance* of the form required by the statute appears on the face of this ballot, but not in the position prescribed; the variation being that the words "Yes" and "No," and the squares, are printed after instead of before the question submitted to a vote, thereby resolving the variation down to a matter of purely formal position of portions of the substance required to appear on the face of the ballot. Good and substantial reasons exist why the question of the sale of intoxicating liquors should be submitted on a separate ballot, and there are substantial reasons why the cross should be placed in the circle or square; but we know of no possible reason why just as free and fair an election might not be had with the words "Yes" and "No," and the squares at the right of the question submitted as might be had with said words "Yes" and "No," and the squares, at the left of the submitted question. The irregularity here under consideration was due wholly to the city official, whose duty it was to procure the ballots, and was in no manner due to any act of any individual elector.

[1] It seems to be the general rule that votes of innocent electors are not invalidated by mere irregularities on the part of public officers charged with the duty of preparing and procuring official ballots, where such irregularities have not prevented a free and fair popular vote, or where the substance of no essential requirement of the law has been violated, unless the Legislature has expressly so declared. Tuntland v. Noble, 30 S. D. 145, 138 N. W. 291.

[2] We are of the view that the variation in the form of the ballot used was a mere formal irregularity, and that no substan-

tial or essential requirement of the law was thereby violated. We therefore hold that the election in question was valid.

The judgment appealed from is affirmed.