CARR, Appellant, v. WAKONDA INDEPENDENT CONSOLIDATED SCHOOL DISTRICT NO. 1 OF CLAY COUNTY, SOUTH DAKOTA, et al., Respondents.

(182 N. W. 626.)

(File No. 4734.   Opinion filed April 12, 1921.)

1. **Process—Legal Process, Publication of Bond Election Notice, Whether Constituting Service of Process—Holiday Statute.**

    Notice of a bond election of a consolidated school district, pursuant to Sec. 7604, Code 1919, does not constitute the service of legal process within meaning of Sec. 21, Code 1919, prohibiting service of legal process in civil cases on any one of the holidays therein specified.

2. **Holiday—Other Than Sunday, Notice of School District Bond Election, Publication of on, Whether Transaction of Public Business—Statute.**

    The publication of a legal notice of a consolidated school district bond election, on Thursday, December 25, and on Thursday, January 1, does not constitute the transaction of "public

business" within the meaning of Sec. 21, Code 1919, defining holidays and including December 25 and January 1, and further providing: "Aside from Sunday, * * *, no public business, except in case of necessity, shall be transacted on any one of said days;" since, as regards the school district involved in the election, there was no transaction of business by it on these days, the publication itself being the private business of the newspaper publisher.

3.    School District Bond Election, Stamping "Official Ballot" on Ballots Re, Whether General Election Law Applicable—School District Not "Election Precinct."

The ballots used at the consolidated school district bond election, held pursuant to Sec. 7604, Code 1919, need not be stamped "Official Ballot" as required by Sec. 7278 pertaining to general elections, and Sec. 7242, providing for use in each precinct within the county at a general election of a rubber or other stamp to contain the words "Official Ballots," etc., to be furnished by the county auditor; nor do the provisions of Sec. 7558, providing that clerk of independent school district board shall provide "proper ballots" similar in form to those authorized by law for municipal elections, "such supplies, poll books and stationery as may be necessary," and Sec. 7559, providing that "such election shall be conducted in accordance with the general election laws of the state so far as applicable and not inconsistent with provisions of said article," require such stamping; nor is a school district an election precinct within the meaning of said Sec. 7242; and no officer of the state is expressly charged with providing such official stamps for election precincts except county auditor; the duties of clerk of independent school district as regards school elections being found in Sec. 7558; nor is any reference to such rubber stamp found in any of sections 7552-7561, Code 1919, relating to independent school district elections, the words "such supplies" and "as may be necessary" in Sec. 7558, not requiring furnishing of such stamps; hence the provision in Sec. 7278 providing that unstamped ballots "shall be void and not counted," is not applicable to school elections.

4.    Elections—Ballots—School Bond Election—Words "Yes" and "No" set "Opposite," Proposition—Square at "Left" of Candidate's Name, Re Statute, Informality Re as Immaterial—Statutes.

Notwithstanding the provisions in Sec. 6327, Code 1919, relating to elections in cities and towns, providing that there shall be a square or circle at left of name of each candidate, and Sec. 7558, providing that clerk of independent school district board shall provide "proper ballots similar in form to

those authorized by law for municipal elections," and Sec. 7559, providing that such school election shall be conducted in accordance with general election laws of the state so far as applicable, etc., and Sec. 7605, providing that on ballots used for independent school district bond election there shall be printed "opposite each separate proposition" the words "Yes" and "No," with squares or circles before them, **held,** that even though at such school bond election the words "Yes" and "No" with their respective circles were placed on the ballot at the right of the proposition submitted, such informality is immaterial, it being a mere error of form and not of substance; following Olson v. City of Lemmon, 33 S. D. 380.

Appeal from Circuit Court, Clay County. Hon. Robert B. Tripp, Judge.

Action by John M. Carr, against Wakonda Independent Consolidated School District No. 1 of Clay County, S. D., W. O. Knight and others as comprising the Board of Education of said Wakonda Independent Consolidated School District No. 1, to contest the legality of an attempted organization of said Wakonda Independent Consolidated School District. On Rehearing Judgment and Order appealed from Affirmed.

For former opinion, see 43 S. D. 222, 178 N. W. 881; 43 S. D. 370, 179 N. W. 30.

*Kirby, Kirby & Kirby,* for Appellant.

*W. O. Knight,* and *French, Orvis & French,* for Respondent.

(1) To point one of the opinion, Respondents cited: Stearns v. State (Okla.) 100 Pac. 909; State ex rel., Walklin v. Shanks (S. D.) 125 N. W. 122.

(2) To point two, Appellant cited: Webster's Dic. "Business," and "Public."

Respondents cited: Malmgren v. Phinney (Minn.) 18 L. R. A. 753, 52 N. W. 915.

(3) To point three, Appellant cited: Miller v. Schallern (N. D.) 79 N. W. 865; Howser v. Petter (N. D.) 79 N. W. 1018.

Respondents cited: Sec. 7210, Code 1919.

(4) To point four, Appellant cited: Vallier v. Brakke, 7 S. D. 343; McKittrick v. Pardeen, 8 S. D. 39.

GATES, J.  This election contest is before us on rehearing. See same title, 178 N. W. 881, and 179 N. W. 30.  Pursuant

to the directions given in the opinion last cited, three questions are presented for determination.

[1, 2]    The first question concerns the publication of a legal notice on a holiday other than Sunday . Section 7604, Rev. Code 1919, which relates to the giving of notice of elections upon the question of issuing bonds, requires that the notice shall be published once in each week for four successive weeks next prior to the date of the election. The notice in question was publishd five times, viz. on Thursday, December 25, 1919, January 1, 8, 15, and 23, 1920. It is therefore contended that no legal notice of the election was given. No question is raised as to the publication of the notices, except that the first two publications were made on legal holidays. Section 21, Rev. Code 1919, which defines holidays and includes the first two of the above-named dates, further says:

"Aside from Sundays, the observance of which is provided for in title 4, no public business, except in case of necessity, shall be transacted on any one of said days, and no legal process in civil cases shall be served on any of said days."

It is not, and could not successfully be, contended that the publication of a notice of election constitutes the service of legal process. The question then arises whether the publication of this notice is the transaction of public business within the meaning of that section. In so far as the school district is concerned, there was no transaction of business by it on those days. Its business was transacted when it gave the notice to the publisher for publication, and the publication amounted merely to the giving of notice that on the day of election certain public business would be transacted. In so far as the newspaper publisher is concerned, is the publishing of his paper the transaction of public business? We think the word "public," in this section, is to be contrasted with the word "private," and that the publishing of a newspaper is private business, within the meaning of that section. Mack v. Costello, 32 S. D. 511, 143 N. W. 950, Ann. Cas. 1916A, 384.

[3]    The second question relates to the matter of stamping the ballots. None of the ballots cast at the election were stamped "Official Ballot." It is the contention of appellant that, because of section 7604, 7558, and 7559, Rev. Code 1919, the provisions of section 7278 became applicable, which declare that any

ballot which is not indorsed by the official stamp shall be void and not counted. Respondent contends that the only provision in the statutes for the furnishing of a rubber stamp to election judges which contains the words "Official Ballot" is section 7242, which relates to general elections, wherein the duty of furnishing the stamp and the ballots rests upon the county auditor. It is clear to us that the county auditor has no such duty under school elections, and that school districts are not election precincts within the meaning of said section 7242. No officer of this state is expressly charged with the duty of providing such official stamps for election precincts except the county auditor. The duties of the clerk of independent school districts with reference to school elections are found in section 7558, Rev. Code 1919 viz. (italics ours):

"The clerk of the board shall provide proper ballots similar in form to those authorized by law for municipal elections, except as to party affiliation, on which shall be printed the names of the candidates for the respective offices, each being given a position for each office in the order of the priority of the filing of their nominating certificates. The clerk shall provide the voting booths required by law in each polling place and *such supplies,* poll books and stationery *as may be necessary.*"

No reference to such rubber stamps is found in such section, or in any section of article 3, consisting of sections 7552-7561, Rev. Code 1919, which article relates to the conduct of elections in independent school districts. It is only by construing the italicized words, "such supplies" and "as may be necessary," as an imperative requirement that such stamps be furnished that any duty on the part of the clerk of the board of education to furnish them may be found. If it were the intention of the Legislature to impose such duty on the clerk of independent districts, we think it would have manifested such intent in more particular and explicit language than that contained in the italicized portions of section 7558, supra. Moreover, section 7559, Rev. Code 1919 (also a part of said article 3), says:

"Such election shall be conducted in accordance with the general election laws of this state, so far as applicable and not inconsistent with the provisions of this article."

When it did not create a duty on the part of any officer to

furnish such rubber stamps for school elections, we think it cannot be said that the Legislature intended that requirement to be applicable to school elections. It is therefore clear to us that the provision of section 7278, Rev. Code 1919, that unstamped ballots, "shall be void and not be counted" is not applicable to school elections.

[4] The last question raised relates to the form of the printed ballot. At the election all of the ballots furnished and used contained the words "Yes" and "No," with their respective circles, at the right of the proposition submitted. Appellant contends that these words and circles should have been printed at the left of the proposition submitted, by reason of the provisions of sections 7558, 7559, and 6327, Rev. Code 1919. Respondent contends that section 7605, Rev. Code 1919, is the section applicable, and that under that section the words "Yes" and "No" are just as much "opposite" the proposition, if printed on the right thereof, as if printed on the left. Under the decision of. this court in Olson v. City of Lemmon, 33 S. D. 380, 146 N. W. 592, we must, and do, hold that, even if the form of the ballots used was erroneous, it was a mere error of form, and not of substance.

The judgment and order denying new trial are affirmed.