## IN RE CONSOLIDATION OF SCHOOL DISTRICTS IN TROY AND WAVERLY TOWNSHIPS.

### (183 N. W. 122.)

(File No. 4765. Opinion filed June 2, 1921. Rehearing denied July 16, 1921.)

1. **Elections—Consolidation of School Districts, Ballots Re, Stamping Marking, Whether General Law Applies.**

    Under Section 7571, Code 1919, providing that elections for consolidation of school districts shall be conducted as are regular annual school meetings, and that the vote shall be by ballot, which shall read "for consolidation" or "against consolidation," held, that the general election laws do not apply to annual school elections, nor do the provisions thereof concerning stamping; hence decisions of this Court as to marking of ballots cast at general elections and those relating to sales of intoxicating liquors do not apply.

2. **Same—Ballots at School District Consolidation Elections, Marking, Cross, Where Placed, Identification Marks, Whether Law Re Applicable**

    Under Sec. 6454, Code 1919, providing that voting at annual school elections shall be by ballot, but not prescribing form thereof nor manner of marking ballots, and Sec. 7571, providing that votes at school district consolidation elections shall

be by ballot, which shall read:   "For Consolidation" or "Against Consolidation," but does not prescribe the mode of marking said ballots nor authorize or require officers to declare or prescribe the manner in which they shall be marked, **held,** that markings by a cross, placed either before or after the words so printed, are sufficient to indicate intent of voter, and all ballots so marked are valid and properly counted.   **Held,** further, that the general election law concerning identification marks on ballots does not apply to school elections, and it was not the legislative intent to require secret ballot at such elections as required under Australian Ballot System governing general elections.

3.   **Elections—School District Consolidation—Polls, Hours of Opening, Closing, What Law Applies.**

Under Sec. 7571, providing that the vote at elections upon school district consolidation shall be by ballot, etc., but containing no provision relating to time of opening and closing of polls, and Sec. 7453, relating to annual school elections and providing that the polls shall be open at 2:00 P. M. and kept open two hours in a district having but one school, and four hours in one having more than one school, **held,** that under the latter section all electors of a district meet at one place, whatever the number of schools; and in applying the provisions of said section to consolidation elections, its proper interpretation is that ordinarily the electorate of a district having more than one school cover a larger territory and reside at greater distance from the polling place than if held in a district having but a single school, and said section, when applied to consolidation elections, should be interpreted accordingly, hence at such elections the polls should be kept open for four hours; therefore a consolidated school election at which the polls were opened at 1:35 P. M. and closed at 4:00 P. M. was invalid.

4.   **Elections—School District Consolidation Election, Premature Closing of Polls At, Preventing a Voter from Voting Against, Prejudice Re.**

Where, at a school district consolidation election at which the polls should have been kept open four hours, the polls were opened at 1:35 and closed at 4:00 P. M., and one D., a qualified elector, was thereby prevented from voting and who would have voted against consolidation, which vote would have changed result, **held,** that the rights of contestant and of the public were thereby prejudiced, and the election was illegal.

Appeal from Circuit Court, Grant County.   Hon. FRANK ANDERSON, Judge.

In the Matter of Contest by E. J. Fosberg (who contests on his own behalf and that of other electors, tax payers and freeholders of the district affected, similarly situated,) of an election

for consolidation of school district Nos. 1 and 4 of Troy Township, Grant County, South Dakota, and School District No. 63 of Waverly Township, Codington County, South Dakota. From an order dismissing the contest upon its merits, and from an order denying a new trial, contestant appeals. Reversed.

McFarland & Kremer, for Appellant.

Waddel & Dougherty, for Respondents.

(2) To point two of the opinion, Respondent cited: Sec. 1440, Comp. Laws 1887; Sec. 1863, Rev. Pol. Code 1903; McMahon v. Polk, 10 S. D. 296; Secs. 2330-1, Rev. Pol. Code 1903; Sec. 7210, Code 1919; Victoria v. Cressman (S. D.) 169 N. W. 551.

SMITH, J. This is a contest of an election for consolidation of two school districts in Grant county and an adjoining district in Codington county. Proceedings up to the actual holding of the election are not questioned. The notice of election stated that the polls would be open from 1 until 4 o'clock. In fact, the polls were opened about 1:35 p. m. and closed at 4 p. m. Upon a canvass of the vote it was found that there were 96 ballots cast, of which 46 ballots for consolidation were correctly marked, and 33 ballots against consolidation were correctly marked.

The ballot used was in the following form:

Ballot.

| | | |
|---|---|---|
| . | For Consolidation | |
| | Against Consolidation | |

"Put your cross (X) mark in one of the squares."

, Seven of the ballots cast and counted for consolidation were marked as follows:

| | | |
|---|---|---|
| | For Consolidation        X | |
| | Against Consolidation | |

Five of the ballots cast and counted against consolidation were marked as follows:

|  |  |
|---|---|
| For Consolidation |  |
| Against Consolidation     X |  |

There were also four ballots properly marked for consolidation on which were blurs or marks which appellant claims were identification marks which render them invalid.

Section 7571, Compiled Laws 1919, requires three-fifths or more of the votes cast for consolidation to carry the election. It is appellant's contention that seven of the ballots cast for consolidation were illegal and void and should not have been counted, for the reason that the same were not marked in the square to the left of the words "For Consolidation," and that four other ballots cast and counted for consolidation were illegal and void because of identification marks thereon. It is conceded that, if the seven ballots were not correctly marked, and were illegal and void, consolidation was not carried by a three-fifths vote.

Section 7571, Code 1919, provides that such elections— "shall be conducted as are regular annual school meetings. The vote at such election or meeting shall be by ballot, which shall read 'For Consolidation' or 'Against Consolidation.' "

[1]   We are of the view that the general election laws of the state do not apply to annual school elections, and that the provisions thereof relating to stamping and marking of official ballots, and to identification marks on ballots, have no application to consolidation elections.

It follows that the decisions of this court as to the marking of ballots cast at general elections and at elections relating to sales of intoxicating liquors have no application to the case before us.

In Carr v. Wakonda Independent, etc., District, 182 N. W. 626, not yet [officially] published, this court held that the requirement of the general election laws that ballots be stamped "official

14—Vol. 44, S. D.

Ballots," and that ballots not so stamped shall be void and not counted, did not apply to elections in independent school districts, notwithstanding section 7559, Code 1919, which declares that:

"Such election shall be conducted in accordance with the general election laws of this state so far as applicable and not inconsistent with the provisions of this article."

In Isaacson v. Parker, etc., 42 S. D. 562, 176 N. W. 653, this court said:

"Again, the elections held in independent districts are held in the same manner as general elections, while ordinary elections in common school districts and the election contemplated in section 3 of the Consolidation Act [now section 7571, Rev. Code 1919] are held under the New England town meeting plan."

Section 7454, Code 1919, provides that the voting at annual school elections shall be by ballot, but does not prescribe the form thereof nor the manner of marking the ballots.

[2] Section 7571, Id., provides that the vote at elections upon the consolidation of school districts shall be by ballot which shall read "For Consolidation" or "Against Consolidation," but does not prescribe the mode of marking such ballots, nor does it authorize or require the officers directed to provide the ballots to declare or prescribe the manner in which they shall be marked by the voter. Under these provisions of the statute we are of the view that markings by a cross placed either before or after the words printed on the ballot were sufficient to indicate the intent of the voter, and that all ballots so marked were valid and were properly counted in the canvass of the votes. Olson v. City of Lemmon, 33 S. D. 380, 146 N. W. 592. We are also of the view that the provisions of the general election law relating to identification marks on ballots have no application to school elections, and that it was not the legislative intent to require a secret ballot at such election as required under the so-called Australian ballot system, which governs general elections in this state.

[3] Appellant next contends that the election was void because of a failure to comply with the provisions of section 7453, Code 1919, relating to annual school elections, which requires that—

"The polls shall be open at 2 p. m. and kept open two hours

in a district having but one school, and four hours in districts having more than one school."

The difficulty in applying the provisions of this section to elections for the consolidation of school districts is apparent.

In the case before us it was proposed to consolidate three districts each having a single school. The consolidation statute contains no provision relating to the time of opening and closing the polls. But under section 7453, supra, the hours for opening and closing the polls are definitely fixed by physical facts, viz. the existence of one or more schools in the district. All the electors of the district meet at one place for the annual election, whatever the number of schools. Evidently the legislative thought was that ordinarily the electorate of a district having more than one school covered a larger territory and resided at greater distances from the polling place than the electorate in a district having but a single school. In applying this statute to consolidation elections, it would seem that it ought to be interpreted with the same thought in mind, and that at such elections the provision requiring the polls to be kept open for four hours instead of two should govern. If this view is correct, it is clear under the evidence in this case that the statute was not complied with.

[4] Appellant further contends that the result of the election would have been changed had the polls not been prematurely closed, and that the rights of contestant and of the public were therefore prejudiced.

In Newcum v. Kirtley, 13 B. Mon. (Ky.) 515, where the polls were closed before the time provided by law, whereby enough votes, had they been cast and counted, to change the result, were prevented from being cast, the elections was held illegal.

In State ex rel. Spence v. Judge of Ninth Judicial Circuit, 13 Ala. 805, it was held that an election might be set aside for failure of officials to receive a vote which, if received, would have changed the result. See, also, Re Johnson, 40 U. C. Q. B. 297; McDowell v. Massachusetts & S. Const. Co., 96 N. C. 514, 2 S. E. 351; State ex rel. Harris v. Scarborough, 110 N. C. 232, 14 S. E. 737.

In this case it is conceded that, if all the votes cast were prop-

erly counted, a single additional vote against consolidation would have changed the result of the election. It is appellant's contention, which is sustained by the record, that one Wm. Dagle, a qualified elector, was prevented from voting because of the closing of the polls at 4 o'clock, and almost immediately after the polls had been closed by proclamation of the election officers, and that he was thereby prevented from casting his ballot. At the trial he was permitted to testify that he intended to vote, and would have voted against consolidation.

We are of the view that the polls were not kept open for the length of time required by the statute, that a legal voter of the district was thereby prevented from casting his ballot, and that such ballot, if cast, would have changed the result of the election.

The order and judgment of the trial court must therefore be reversed.